Ida Mintz, Respondent, *v.* International Railway Company, Appellant.

**Negligence — sudden stopping of street car to avoid running over child — when negligence cannot be predicated thereon.**

The sudden stopping of a street car when necessary to avoid running over a child on the track, although resulting in shaking, displacing and jerking the passengers, does not evince a disregard of their safety, and negligence cannot be predicated thereon.

*Mintz* v. *International Ry. Co.*, 177 App. Div. 942, reversed.

(Submitted October 13, 1919; decided November 18, 1919.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 21, 1917, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harold S. Brown* for appellant. The defendant was not negligent. (*C. C. R. Co.* v. *Osborn*, 66 Ohio St. 45; *Craig* v. *B. El. R. Co.*, 207 Mass. 548; *Niland* v. *B. El. R. R. Co.*, 213 Mass. 522; *Cockhill* v. *C. & S. R. Co.*, 69 N. J. L. 97; *Stewart* v. *C. V. R. R. Co.*, 86 Vt. 398.)

*Israel G. Holender* for respondent. Whether there was prior negligence on the part of the motorman in the management and operation of the car was properly left to the jury as a question of fact. (*Utess* v. *Erie R. R. Co.*, 204 N. Y. 324; *Bowen* v. *N. Y. C. R. R. Co.*, 18 N. Y. 408; *Brown* v. *N. Y. C. R. R. Co.*, 34 N. Y. 404; *Zimmer* v. *Third Ave. R. R. Co.*, 36 App. Div. 265; *Maverick* v. *Eighth Ave. R. R. Co.*, 36 N. Y. 378; *Coddington* v. *Brooklyn Crosstown R. R. Co.*, 102 N. Y. 66; *Levine* v. *Brooklyn, Queens Co. & Sub. R. R. Co.*, 134 App. Div. 606; *Palmer* v. *President, etc., D. & H. R. R. Co.*, 120 N. Y. 170; *Keegan*

v. *Third Ave. R. R. Co.*, 34 App. Div. 297; 165 N. Y. 622; *Loudon* v. *E. A. R. R. Co.*, 162 N. Y. 380.)

COLLIN, J.   The action is to recover damages resulting from personal injuries caused by the alleged negligence of the defendant.   The judgment of the Trial Term consequent upon the verdict in favor of the plaintiff was affirmed by the non-unanimous decision of the Appellate Division.   If there was not evidence tending to support the verdict, the denial of the defendant's motion that the complaint be dismissed and the submission of the case to the jury were errors.

Under the evidence the jury might have found as the facts most favorable to the plaintiff: the plaintiff boarded a standing street car operated by the employees of the defendant; as she was walking to a seat the car started; before she had seated herself and as the car had attained the speed of eight miles an hour the sudden stopping of the car threw her to the floor and she received the injuries complained of; the car so stopped because a boy ran upon the track upon which the car was proceeding from the rear of a wagon traveling upon the adjoining or fellow track in the direction opposite to that in which the car was moving; the boy was first seen by and came into the view of the motorman when the rear of the wagon was within six feet of the front of the car; the motorman immediately applied all the means of stopping the car; the life guard or fender of the car went over the leg of and the front of the car was about two feet from the boy, who had fallen within the track space.

The facts do not support the verdict.   Negligence on the part of the defendant cannot be predicated upon them.   At the instant the boy first came into the sight of the motorman the danger of killing him was imminent. The defendant was bound to use every available agency or means, which did not within reasonable probability

subject the passengers upon the car to serious bodily injury, to avoid killing or mangling him. As between the act of stopping the car suddenly before it ran upon him and thereby shaking, displacing or jerking the passengers and the act of stopping it gradually and carefully and therein permitting it to run upon him, the defendant was bound by the commands of ordinary and reasonable prudence and care, as well as by the dictates of the right regard for human life, to adopt the former. The stopping of the car and the means used to stop it were not more urgent or vigorous than the peril of the boy, when first visible to the motorman, warranted. The likelihood of injury to the passengers in their use was slight and to be disregarded in contrast with that of killing the boy by neglecting them. The sudden stopping of the car under the circumstances did not evince a disregard of the safety of the plaintiff or the other passengers. It was not only justified but praiseworthy.

Inasmuch as the entire evidence established the freedom of the defendant from negligence, we do not consider or determine whether or not the evidence in behalf of the plaintiff tended to prove negligence on the part of the defendant.

The judgments should be reversed and the complaint dismissed, with costs in all the courts.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.