## CLEVELAND RAILWAY CO v FEATHERSTONE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10711.  Decided June 23, 1930

Squire, Sanders & Dempsey, Cleveland, for Ry Co.

J. P. Mooney, Cleveland, for Featherstone.

LEVINE, J.

Various assignments of error are set forth but we shall confine our attention to those assignments directed at the charge of the court.

We are of the opinion that the assignment of error as to the exclusion of testimony showing plaintiff's good health, and the assignment of error in the charge with respect to future damages are not material in this case, for the reason that the ver-

dict was very moderate and if error was committed by the court in respect to the extent of injury and amount of damages, that the same could not have influenced the jury, in view of the amount of the verdict.

Our attention is directed to a portion of the court's charge which is as follows:

"The court has already charged you in effect that it was the duty of the Street Railway Company through its driver of this bus, to have its bus under such control and driven at such a rate of speed that the bus, when faced with an emergency which could or should have been reasonably anticipated, could be stopped without violating the obligation it owed to its passengers, that is, the duty of extending to the passenger the high degree of care required by law, as outlined before. In other words, he must drive his car in such a manner that he can anticipate and look out and protect its passengers if some emergency should arise or something appear in front of his bus and have it stopped without causing serious damage or any damage to its passengers."

It is pointed out that in view of the circumstances disclosed by the evidence, that this statement of the court imposed upon defendant absolute liability for plaintiff's injury.

The plaintiff undoubtedly was a passenger in the bus and was in a standing position for want of a seat. After the bus passed E. 2nd St., and was between E. 2nd St. and the Williamson Bldg., and as it was proceeding at a disputed speed, it suddenly came to a stop. Plaintiff claims that the bus stopped with such a jolt that she was thrown to the floor. She was helped to her feet but refused the offer of a seat, saying, "No, I am not hurt." She continued to stand there until she got over the High Level Bridge at West 25th Street where she got a seat.

At the time of the stopping of the bus it had been going at a speed plaintiff described as not less than 25 miles an hour. The driver of the bus testified that on that date he was driving a motor coach which made a sudden stop just as it was entering the safety zone at the Williamson Building, to avoid hitting a man; that he was going at a slow rate of speed at the time when the man ran out in front of the bus so close that he had to put on the brakes to keep from hitting the man.

In view of this evidence the statement of the court "that the driver of the bus must drive his car in such a manner that he can anticipate and look out and protect its passengers if some emergency arises, or something appears in front of his bus, and have it stopped without causing serious damage or any damage to its passengers," imposes a far greater duty than that required by law.

In the case of Mintz vs International Railway Co. 227 N. Y. 197, 124 N. E. 893 (1919) the court said:

"At the instant the boy first came into the sight of the motorman the danger of killing him was imminent. The defendant was bound to use every available agency or means which did not within reasonable probability subject the passengers upon the car to serious bodily injury, to avoid killing or mangling him. As between the act of stopping the car suddenly before it ran upon him and thereby shaking, displacing or jerking the passengers and the act of stopping gradually and carefully and therein permitting it to run upon him, the defendant was bound by the commands of ordinary and reasonable prudence and care, as well as by the dictates of the right regard for human life, to adopt the former."

While it is true that the railway company owes a duty of the highest degree of care to its passengers, it cannot be regarded as an insurer of the saftey of passengers. In judging whether or not the railway company exercised the highest degree of care toward this plaintiff, reference must be had to the surrounding circumstances.

The court ommitted in its charge the essential element of "surrounding circumstances" when it fixed the degree of care required of the railway company. We believe that the statement as it stands imposes too great a burden on the railway company and is, for that reason, erroneous.

Our attention is directed to a portion of the charge wherein the court injected into the case the doctrine of res ipsa loquitor. It is quite clear that the cause of the sudden stop on the part of the driver of the motor bus was an agency beyond the control of the railway company. The bus came to a sudden stop by the sudden application of brakes in order to avoid hitting a man who ran into the path of the bus.

"Where all the facts attending the injury are disclosed by the evidence and nothing is left to inference, no presumption can be indulged,—the doctrine of res ipsa loquitor has no application." 20 R. C. L. Sec. 157.

Since all the facts and circumstances in this case appear in evidence, the doctrine, in our opinion, has no application.

We hold that the court committed error in injecting the doctrine of res ipsa loquitor into the present case.

The railway company requested the court to give the following charge:

"The bus driver had a right to assume that no person would negligently run out across the street in front of the bus."

which charge the court refused. The ruling of the court was excepted to.

We hold that the request stated the law applicable to this case. The driver of the bus had the right to presume that no pedestrian would suddenly dart out across the street at the place in question, and thus create an emergency endangering the safety of the pedestrian and those upon the bus, and the court clearly committed error in refusing to give the charge as requested.

For the reasons above stated, the judgment of the municipal court will be reversed and the case remanded for a new trial.

Vickery, PJ, and Sullivan, J, concur.