CHARLES DASSORI, Respondent, v. THIRD AVENUE TRANSIT CORP. et al., Appellants.— In an action to recover damages for personal injuries, it appeared that the plaintiff was a passenger upon a trolley car of defendant Third Avenue Transit Corp., which was proceeding southerly along the Bowery between East Fourth and Great Jones Streets. A truck of defendant Acme Truck Renting Corp. was also proceeding southerly to the west of the trolley. Between the trolley track and the southbound travel lane there was a row of iron pillars supporting the elevated railroad. The truck suddenly was turned to the left when only a few feet in front of the car which was proceeding at a moderate rate of speed. No warning of intention to turn was given by the truck driver. When the left front wheel of the truck reached approximately the center of the track, the trolley car struck the truck pushing it a few feet into an elevated pillar. Upon the trial the plaintiff had a verdict against both defendants and both appeal. Upon the appeal by defendant Third Avenue Transit Corp., judgment reversed upon the law and the facts, with costs, and the complaint dismissed, upon the law, with costs. Upon the appeal by Acme Truck Renting Corp. judgment unanimously affirmed, with costs. Upon this record the proximate cause of the accident was the negligence of the truck driver. Actionable negligence on the part of defendant Third Avenue Transit Corp. was not established. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur for affirmance of the judgment as to the Acme Truck Renting Corp.; Adel, Lewis and Aldrich, JJ., concur for reversal of the judgment as to the Third Avenue Transit Corp. and dismissal of the complaint; but Close, P. J., and Carswell, J., dissent and vote to affirm the judgment as to that defendant also, on the ground that the proof presented an issue of fact as to its negligence.

MARY F. DOWNING, Respondent, v. WILLIAM M. DOWNING, Appellant.— In an action for separation, order granting plaintiff's motion for temporary alimony affirmed, with ten dollars costs and disbursements, the arrears of alimony, if any, to be paid within ten days from the entry of the order hereon. No opinion. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

MADELINE GALLAGHER et al., Respondents, v. CITY OF NEW YORK et al., Appellants.— Appeal by the defendants from a judgment in favor of the plaintiffs, in an action for damages arising out of the collision of an automobile of which the plaintiff William Gallagher was the driver and the other plaintiffs passengers, with a pillar in a public highway, supporting an overhead bridge of defendant Long Island Railroad Company; and from an order denying defendants' motions to set aside the verdicts and for a new trial, and, upon consent of plaintiff William Gallagher, as guardian ad litem, reducing the verdict in favor of the infant plaintiff from $15,000 to $10,000. Judgment and order, insofar as appealed from, reversed on the law and a new trial granted, with costs to abide the event. The charge of the court was contradictory and confusing and a new trial should be had in the interest of justice. The findings of fact implicit in the jury's verdict are affirmed. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.