HELEN SCHWARTZ, Respondent, v. JULIUS SCHWARTZ, Appellant.— It was an abuse of discretion for the court to recall and reverse its prior order in this matter. Order unanimously reversed, with leave to the plaintiff, if so advised, to make a new motion for the relief requested. Present — Peck, P. J., Dore, Callahan, Breitel and Bastow, JJ.

■

LAURENCE POLLOCK, Trading as POLLOCK PHARMACY, Respondent, v. PAUL H. POLLOCK, INC., et al., Appellants.— Judgment unanimously reversed and the complaint dismissed upon the ground that the evidence fails to disclose any fraud, misrepresentation, deceit, unfairness, or palming off by defendants, and that there was no proof of confusion or likelihood of confusion on the part of the public, or other proof of unfair trade on the part of defendants. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Breitel and Bastow, JJ. [See post, p. 932.]

■

MAURICE MEYER, JR., et al., Respondents, v. ALBERT M. WHISNANT, JR., Appellant, et al., Defendants.— On the testimony of plaintiffs' own witnesses demonstrating the emergency unexpectedly created in the eastbound lane by the erratic operation of the DeSoto car that came from the westbound lanes, cut across both eastbound lanes in a southerly direction, and then changed its course in a northwesterly direction into the path of eastbound traffic, plaintiffs failed to establish against defendant, Whisnant, driver of the Cadillac car going eastward, any actionable negligence proximately causing the accident and the injuries. Judgment insofar as appealed from by the defendant Whisnant, reversed and the complaint dismissed, with costs in favor of said defendant. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Callahan and Bergan, JJ.; Cohn and Callahan, JJ., dissent in the following separate memorandums: Cohn, J.: I dissent and vote to reverse and grant a new trial as to the plaintiff Boyle and against the defendant Whisnant, upon the ground that the verdict of the jury in favor of Boyle is excessive. I would affirm as to this plaintiff if he stipulates to a reduction of the verdict to the sum of $30,000. As to plaintiff Meyer, I vote to affirm. The question of defendant Whisnant's negligence was properly submitted to the jury and its determination thereon is sustained by the evidence. Callahan, J.: I dissent and vote to reverse and order a new trial as against the defendant Whisnant, upon the ground that the verdict is against the weight of evidence. Settle order on notice.

■

AIDA DE A. BRECKENRIDGE, Respondent, v. WILLIAM CLEMENTE et al., Doing Business as CLEMENTE, CLEMENTE & SABATINI, Appellants, et al., Defendants.— Judgment unanimously reversed and a new trial ordered, solely as to the measure of damages, upon the ground the amount awarded is excessive, unless plaintiff stipulates to reduce the amount for which judgment was directed to be entered in the sum of $40,000, in which event the judgment, as so modified, is affirmed. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Callahan and Bergan, JJ.