CLIFFORD EVANS, Respondent, v. MARJORIE A. JONES, Appellant.—
Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.

◼

NICHOLAS J. SCHWALB, Respondent, v. ROBERT E. CLAPPER, Appellant.—
Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.

◼

In the Matter of the Estate of BRONISLAWA WALTERS, Deceased. PETER J. SIUDAK, Appellant; JOSEPH E. WALTERS, Respondent.—
Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

◼

STANLEY KUTLINA, Respondent, v. ROBERT H. YIENGST, Appellant, et al., Defendant.—
Memorandum: The action involves a collision between two automobiles, one eastbound and the other westbound, upon a four-lane highway. Plaintiff was a passenger in the westbound car. At the time of the collision, the defendant Yiengst was proceeding easterly on the traffic lane nearest the center of the highway. The codefendant's car came over on to the wrong or south side of the highway and collided head on with appellant's car. In our opinion, the record fails to disclose any negligent act on the part of appellant that could be termed a negligent causation of the collision. Appellant was confronted with an emergency not of his own creation. Under such circumstances, we believe the position of appellant's car in the northerly eastbound lane was not a proximate cause of the collision (*Meyer* v. *Whisnant*, 282 App. Div. 930, affd. 307 N. Y. 369). Moreover, it is our opinion that the violation, if any, of the Vehicle and Traffic Law (§ 81, subd. 26) is not available to the occupants of the westbound car and cannot be urged by plaintiff as a basis of negligence on the part of appellant. All concur, except McCurn, P. J., who concurs as to reversal but votes for granting a new trial. (Appeal from a judgment of Niagara Trial Term for plaintiff in an automobile negligence action. The order denied appellant's motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.