VALERIE HOFFMAN et al., Respondents-Appellants, *v.* I. HOWARD LEHMAN et al., as Trustees of Surface Transportation Corporation of New York, et al., Appellants-Respondents.

First Department, October 25, 1955.

*Harold Ira Panken* of counsel (*Christopher L. Ribaudo,* attorney), for respondents-appellants.

*Edward D. Burns* of counsel (*David C. Keane* with him on the brief; *Saxe, Bacon, O'Shea & Bryan,* attorneys), for I. Howard Lehman and another, as trustees, appellants-respondents.

*James A. Doherty* of counsel (*Antoinette M. Rossi* with him on the brief; *James A. Doherty,* attorney), for National Transportation Co., Inc., appellant-respondent.

BOTEIN, J. Plaintiff was injured when a bus in which she was a passenger made a sudden stop, causing her to be thrown from her seat. The manner in which the accident occurred is

virtually undisputed. The bus was traveling at a speed of from ten to twelve miles per hour, on a traffic lane under the Third Avenue " El " structure. It was raining, and the cobblestone roadway was wet. A taxicab was proceeding in the same direction as the bus, to its right and on that portion of the street which was not underneath the " El " structure. The taxicab overtook the bus, passed it, and then cut between two " El " pillars into the path of the bus. It was about fifteen feet in front of the bus when it first veered into its lane of traffic, and when the bus driver first observed it. He applied his brakes immediately and forcefully, swerved to his left, and brought his bus to a stop at the same time as the cab stopped, about two feet from the cab. There was no contact between the two vehicles.

The bus company has been held liable on the theory that its driver should have been able to bring his vehicle to a stop without applying his brakes so suddenly and violently that plaintiff was thrown from her seat. The very fact that only two feet separated both vehicles from actual collision is convincing proof that there was no margin for nice admeasurement of the force to be applied to the brakes. Operating a heavy bus with forty passengers on a wet cobblestone roadway, the driver was suddenly confronted with an emergency not of his own making, when the taxi, darting between two " El " pillars, cut into his lane a scant fifteen feet away.

However, to justify his conduct the driver need not fall back on that pragmatic rule which does not hold one thrust into such a situation to the same mature judgment that may be expected in less exigent circumstances (*Kolanka* v. *Erie R. R. Co.*, 215 App. Div. 82; *Herendeen* v. *State of New York*, 197 Misc. 749, affd. 276 App. Div. 817). Here the driver sprang to action decisively and skilfully. The physical facts establish conclusively that had he attempted to check or graduate the abruptness of the stop, or had he wavered in making his decision, the bus would have collided with the taxicab. Surely, such a collision boded greater potentialities for tragedy to the passengers in his bus and the occupants of the taxicab than any stop without physical impact, no matter how sudden or how violent that stop might be. In immediately applying his brakes as forcefully as he could the driver made the only proper and prudent decision open to him (*Mintz* v. *International Ry. Co.*, 227 N. Y. 197; *Kokofsky* v. *City of New York*, 297 N. Y. 553; *Dassori* v. *Third Ave. Tr. Corp.*, 268 App. Div. 1044).

The taxicab operator was unquestionably negligent, and the taxi owned by defendant National Transportation Co., Inc., has

been sufficiently identified as the one involved in the accident. The amounts awarded plaintiff and her husband are adequate.

Judgment should be modified to the extent of dismissing the complaint as against defendants Lehman and Doyle and otherwise affirmed.

PECK, P. J., BASTOW and RABIN, JJ., concur.

Judgment unanimously modified to the extent of dismissing the complaint as against the defendants Lehman and Doyle and otherwise affirmed.   Settle order on notice.