Burke, J.
(dissenting). The only question raised on this appeal is whether plaintiff made out a prima facie case.
The individual defendant Matzen testified that while engaged in driving a bus traveling in an easterly direction within the confines of the eastbound lane of Merrick Road, the decedent drove his car at an excessive rate of speed over into the eastbound lane and directly toward the oncoming bus, causing the defendant to apply the brakes of the bus.
An examination of the vehicles show that the left front and left side of the plaintiff’s car met with the left front part of the bus. The photographs taken just after the accident, concededly accurate, indicate that the decedent’s car had been pushed back from the eastbound lane until it straddled the white center line while the bus was well over in the eastbound lane with its right wheels close to the curb and its left wheels 3 to 4 feet inside of the center white line. Finally, the gash in the roadbed pavement demonstrated that the car of the decedent was over the white line in the wrong lane at the point of impact.
The witness for the plaintiff testified that he was walking on the west side of an intersecting street, Brookside Avenue, in a northerly direction, when he saw the corporate defendant’s bus *176 traveling eastward on Merrick Road about a foot over the white line, at an estimated speed of between 40 and 45 miles an hour. He estimated that the bus was about 150 feet west of where he was standing and about 300 feet from the point of collision. After the bus passed him, he stated he heard a loud crash but he did not see the collision.
Notwithstanding the rules that in death cases the plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence (Noseworthy v. City of New York, 298 N. Y. 76, 80) and that reasonable inferences may be drawn from the evidence to make out a prima facie case (Wank v. Ambrosino, 307 N. Y. 321, 323-324), nevertheless, the inferences must be drawn from facts necessary to establish the cause of action — i.e., negligence and proximate cause. (Cole v. Swagler, 308 N. Y. 325, 329; Boyce Motor Lines v. State of New York, 306 N. Y. 801.)
Accepting the testimony of the plaintiff’s witness at its face value, any inferences drawn from it, such as: continuance in an unlawful course; excess speed as inferred from estimated elapsed time or creation of an emergency situation, constitute at best unproved assumptions, which in the absence of other evidence might be sufficient to warrant submitting the case to the jury. But there was no plaintiff’s evidence to explain how the decedent driving the westbound car moved over to the wrong side of the road. The presence of a car on the wrong side of a road cannot be anticipated without prior warning. (Meyer v. Whisnant, 282 App. Div. 930, affd. 307 N. Y. 396.) Such inferences as may be drawn from the testimony of the plaintiff’s witness, fail to establish logically that the proximate cause of the accident was due to the negligence of the individual defendant.
Moreover, verdicts contrary to the actual physical facts as disclosed by properly authenticated and unimpeachable photographs have been set aside. (Busch, Photographic Evidence, 4 De Paul L. Rev. 195, 200, citing Hartley v. Rodd Lbr. Co., 282 Mich. 652; Mobile & O. R. Co. v. Bryant, 159 Miss. 528; Lessig v. Reading Tr. & Light Co., 270 Pa. 299.) Such evidence has its own independent probative value. (Gardner, The Camera Goes to Court, 24 N. Car. L. Rev. 233; 3 Wigmore on Evidence, § 792a, 1955 Pocket Supp., p. 54; Boyarsky v. Zimmerman Corp., 240 App. Div. 361.) The photographic exhibits in this case abso *177 lately rebut the unproved assumptions made by the plaintiff. The exhibits confirm in every respect the testimony of Matzen, the eyewitness to the collision. Faced with such factual evidence as opposed to the unproved assumptions, we cannot as a matter of law find that the plaintiff made out a prima facie case.
In Betzag v. Gulf Oil Corp. (298 N. Y. 358, 364), we said: ‘ ‘ where, as in this case, the complaint has been dismissed on the law, we are required to give ‘ the plaintiff the benefit of every favorable inference which can reasonably be drawn ’ from facts proven The evidence here contains facts from which no clear reasonable inference can show (as the Appellate Division said) 1 ‘ negligence by defendants causally connected with the collision ”. The verdict could only be reached by a series of suppositions or the piling of inference upon inference successively, adding up only to a conclusion founded on pure conjecture — a conclusion contradicted by the photographs, “the perfect witness — an eye-witness who cannot forget and whose memory cannot be distorted (24 N. Car. L. Rev. 235.) The substitution of speculation in place of, and in disregard of, proof is not in law sufficient to support a finding that the plaintiff had made out a prima facie case.
The judgment appealed from should be affirmed.
Desmond, Dye and Froessel, JJ., concur with Conway, Ch. J.; Burke, J., dissents in an opinion in which Fuld and Van Voorhis, JJ., concur.
Judgment of Appellate Division reversed and that of the Trial Term reinstated, with costs in this court and in the Appellate Division.