J. Irwin Shapiro, J.
In this case, tried before the court without a jury, the plaintiff wife, a passenger in defendant’s bus, arose to leave when she was catapulted to the floor of the bus as it made a sudden, unusual and violent stop.
Plaintiff’s claim that the bus stopped suddenly at a place not designated for a bus stop is not disputed. In fact, the defendant not only admitted the short and unusual stop, but based its defense on the fact that the stop was made necessary by a truck which cut off the bus suddenly and without warning, having swerved into the path of the bus which was proceeding on Third Avenue underneath the then existing elevated pillars.
The defendant’s chauffeur, although claiming that the truck caused him to stop suddenly, made no effort to obtain its license plate number. He testified that after the truck cut him off it proceeded straight ahead on Third Avenue under the elevated pillars in a northerly direction or uptown.
The defendant produced a witness in an effort to support its contention that the short, violent, and unusual stop was necessitated by the sudden appearance of the truck, but this witness lent scant comfort to the defendant, for although he also testified about the sudden appearance of the truck, he was emphatic that it did not proceed uptown on Third Avenue but that it made a “ U ” turn in front of the bus and then proceeded southerly or downtown on Third Avenue.
The plaintiff’s testimony, and that of her witness, who substantiated her in every material particular, made out a prima facie case of negligence which called on the defendant to come forward with some credible proof to explain the reason and necessity for the sudden, unusual and violent stop. As has been pointed out, the defendant attempted an explanation by its chauffeur and the afore-mentioned witness. If credence were given to their testimony, the burden of proof, which at all times remains upon the plaintiff, would not have been sustained and a dismissal of the plaintiffs’ complaint at the end of the whole case would be required.
*492 However, under the facts and circumstances of this case, the plaintiffs sustained their burden of proof, made out in the first instance by the mere proof of the sudden and unusual stop, because this court, as the trier of the fact, does not credit the testimony of the defendant’s chauffeur and the defendant’s witness. The case is therefore left with the testimony of a sudden and unusual stop and without any acceptable explanation on the part of the defendant therefor.
Although neither side submitted any memorandum to the court on the questions of law allegedly involved here, the defendant at the end of the entire case, in connection with its motion to dismiss the plaintiffs’ complaint and for a direction of judgment in its favor, cited the cases of Hoffman v. Lehman (286 App. Div. 487, affd. 2 N Y 2d 824); Mints v. International Ry. Co. (227 N. Y. 197) and Kokofsky v. City of New York (297 N. Y. 553).
It was the position of the defendant that those cases hold that an explanation for the sudden stop, ipso facto, destroys the prima facie value of the plaintiffs’ case and that in order to sustain the burden of proof which the law casts upon them, they must come forward with further and affirmative proof of negligence. The court does not conceive that to be the law.
The cases cited by the defendant and the other cases on the subject merely stand for one of two propositions, to wit: (1) that where the plaintiff as part of his case shows the sudden stop and then affirmatively proceeds to establish that there was a good reason for the sudden stop he thereby destroys the prima facie case which would ordinarily have come into being by reason of the proof of the sudden stop alone, or (2) where the defendant comes forward with an explanation for the sudden and unusual stop, which explanation is accepted by the trier of the fact, be it court or jury, that then the burden of proof, which never shifts, has not been sustained by the plaintiff and the inference of negligence which could be drawn from the proof of the unusual stop is destroyed by the explanation which is accepted and credited.
Thus, in Hoffman v. Lehman (286 App. Div. 487, affd. 2 N Y 2d 824, supra) the court in modifying a judgment for the plaintiffs said: “ Plaintiff was injured when a bus in which she was a passenger made a sudden stop, causing her to be thrown from her seat. The manner in which the accident occurred is virtually undisputed. The bus was traveling at a speed of from ten to twelve miles per hour, on a traffic lane under the Third Avenue ‘ El ’ structure. It was raining, and the cobblestone roadway was wet. A taxicab was proceeding in the same direction as the bus, to its right and on that portion of the *493 street which was not underneath the ‘ El ’ structure. The taxicab overtook the bus, passed it, and then cut between two ‘ El ’ pillars into the path of the bus. It was about fifteen feet in front of the bus when it first veered into its lane of traffic, and when the bus driver first observed it. He applied his brakes immediately and forcefully, swerved to his left, and brought his bus to a stop at the same time as the cab stopped, about two feet from the cab. There was no contact between the two vehicles.” (Italics added.)
The court has examined the record on appeal in the Hoffman case (supra), and finds that the trial court there, although finding as a fact that the taxi defendant did in fact cut off the defendant bus (for he found against the taxi also) held the bus company liable on the theory that the bus company chauffeur should have been familiar with the practice of vehicles weaving in and out between the pillars on Third Avenue — a fact which should have been “ anticipated by every reasonably prudent bus chauffeur whose daily route along Third Avenue presents the problem countless times.” (204 Misc. 1053, 1055.) In effect, the trial court held that even though the taxi cut in front of the bus so that the bus driver was compelled to make a short stop, the latter was nevertheless negligent, along with the taxi driver. It was undisputed in that case that the taxi driver did cut in front of the bus without notice or warning and that the short stop was made necessary in order to avoid a collision with the taxi and perhaps greater injuries to all the passengers than that caused to the plaintiff in that particular case. Under the circumstances, negligence could not be charged against the bus driver for doing not only that which was necessary but eminently reasonable under the existing circumstances. That is all that the Hoffman case stands for, recalling, as the Appellate Division said (pp. 487-488) at the outset of its opinion, that “ The manner in which the accident occurred is virtually undisputed. ’ ’
In Mintz v. International Ry. Co. (227 N. Y. 197, supra) the record shows that taking the evidence and the facts most favorable to the plaintiff, “ the car so stopped because a boy ran upon the track upon which the car was proceeding from the rear of a wagon traveling upon the adjoining or fellow track in the direction opposite to that in which the car was moving; the boy was first seen by and came into the view of the motorman when the rear of the wagon was within six feet of the front of the car ’ \ The court there understandably held that “ The stopping of the car and the means used to stop it were not more urgent or vigorous than the peril of the boy, when first visible to the motorman, *494 warranted. * * * The sudden stopping of the car under the circumstances did not evince a disregard of the safety of the plaintiff or the other passengers. It was not only justified but praiseworthy.” It is clear that no finding of negligence could be predicated upon the actions of the motorman under the undisputed facts which gave rise to the sudden stopping of the car. Hence, the Court of Appeals held that as a matter of law there was no basis for the submission of the case to the jury and that the complaint should have been dismissed.
In Kokofsky v. City of New York (297 N. Y. 553, supra) the plaintiff had arisen from her seat on the bus preparatory to getting off. She was standing, holding on to the seat when the bus stopped suddenly and violently and threw her. The defendant’s theory was that the bus stopped to avoid an imminent collision with an automobile that had suddenly come over to the wrong side of the street.
The plaintiff had a judgment which was affirmed by the Appellate Division. The Court of Appeals, in a four-to-three reversal said (p. 554): “Judgments reversed and complaint dismissed, with costs in all courts, on the ground that there was no evidence of negligence by the defendant.”
The facts are not set forth in the short decision of reversal but a reading of the record on appeal reveals that the plaintiff after proving a short stop, as a part of her case, established that the stop was necessary to avoid a collision with another car and by reason of the latter’s negligence. Thus, the plaintiff destroyed the inference of negligence which the trier of the fact might otherwise have drawn in the absence of an explanation for the sudden stop.
The record on the appeal in that case discloses that in her case in chief the plaintiff’s witness gave testimony to the effect that the automobile was on the wrong side of the street and it “went right in front of the bus.” She then continued to testify as follows:
“ Q. And at the time it was trying to get by the bus, it was in front of the bus, wasn’t it? A. Yes.
“ Q. Was all of the automobile in front of the bus, the entire automobile ? A. No.
“ Q. Just part of it? A. Just part.
“ Q. When the driver of the bus saw this automobile cut out in front, of him and over on its wrong side of the street, did you notice what the bus driver did? A. Yes, I did.
“ Q. What did he do ? A. He put on the brakes sharply to stop.
*495 “ Q. To avoid hitting the automobile? A. To avoid hitting the other car, and that’s when Mrs. fell down because she had hold of the back of the seat and it broke her grip and she fell.
“ Q. And that is what caused the accident? A. That’s what caused the accident.
“ Q, The bus driver not only tried to stop to avoid any accident with this automobile, but I think that you also told the jury before, in answer to the lawyer’s question, that the bus driver turned at an angle? A. Yes.
“Q. To his right, didn’t he? A. Yes.”
The record further disclosed that by reason of the short stop and the bus driver’s turning to the right he was able to avoid a collision.
We interpret the reversal and the dismissal of the complaint in that case as a holding that the plaintiff was not entitled to have her case go to the jury where she merely offered evidence that she was injured as the result of a sudden stop of a bus in which she was a passenger and then affirmatively established by her own proof that the bus necessarily and properly stopped suddenly to avoid a collision with an automobile that crossed over from the other side of the street.
Any holding that the mere attempted explanation by a defendant for a short, violent and unusual stop must be credited by a trier of the fact, would place passengers for hire at the mercy of their carrier, even if in fact the alleged other vehicle was a figment of the defendant’s imagination. This court does not believe that that is the law.
Having determined, as a trier of the fact, that I do not believe the testimony of the defendant’s bus driver or its witness as to the existence of a “ cut-off truck,” I conclude that the plaintiff has established the negligence of the defendant and her own freedom from contributory negligence. (Lombardi v. New York State Rys., 224 App. Div. 438.)
After giving due and proper consideration to the testimony of the plaintiff as to her injuries, the length of her stay in the hospital, and the time she was out of employment, the court directs judgment in favor of the plaintiff wife, Nellie Desmond, in the sum of $2,000 and in favor of the plaintiff husband, John Desmond, in the sum of $685 and the clerk is directed to enter judgment accordingly.
Ten days’ stay of execution; 30 days to make a case.