■ ANNA PALMER, Respondent, v. ROBERT A. PALMER, Appellant, et al., Defendant.— STALEY, JR., J. Appeal by the defendant, Robert A. Palmer, from a judgment of the Supreme Court, entered November 22, 1967, in Albany County, upon a verdict rendered at a Trial Term, in favor of the plaintiff. About 6:30 P.M. on June 4, 1965, the defendant, Robert A. Palmer, was operating his automobile in a northerly direction on Route 32, also known as Saratoga Avenue, in the Town of Waterford, Saratoga County, New York. His mother, the plaintiff Anna Palmer, was a passenger in the right front seat of his automobile. At the same time the defendant, Michael D. Corbett, was operating his automobile in a southerly direction on Route 32, and noticed three children on the westerly sidewalk. When he was about 30 feet north of the children, he noticed a little boy run or dart towards Route 32, whereupon he swerved his automobile into the northbound lane. When he swerved into the northbound lane, the defendant Corbett was traveling at about 25 miles per hour and the defendant Palmer, traveling at the same rate of speed, was only 60 to 70 feet south of Corbett in the Northbound lane. A collision followed in the northbound lane resulting in injuries to the plaintiff Anna Palmer. The jury determined that the defendant Palmer was faced with an emergency and acted without opportunity for deliberation to avoid the accident, and further determined that, although the emergency rule was

applicable, he was negligent, and returned a verdict against him and the defendant Corbett. At 25 miles per hour each of the defendants was covering 36.8 feet per second and would close the distance between them, 60 to 70 feet, at the time the defendant Corbett entered the northbound lane in less than one second. Corbett testified that after he swerved into the northbound lane, the accident took place in a "couple of seconds" and Palmer testified that it happened "almost instantly". The defendant Palmer contends that he had no duty to anticipate that the defendant Corbett's automobile would suddenly swerve and enter into his lane of traffic, and that since, at most, only one or two seconds elapsed between the time the defendant Corbett entered the northbound lane, he cannot be held liable in negligence for the accident. "When a defendant is faced with an emergency without opportunity for deliberation, thought or consideration, the ensuing accident may be within the field of nonliablity for injury. * * * Where an emergency is not created by the defendant's own acts, he is not obliged to exercise the best judgment." (*Rowlands* v. *Parks,* 2 N Y 2d 64.) Concededly, at the time of the impact, Corbett's automobile was beyond the double white line and on the wrong side of the road, and there is no reasonable basis in the evidence to conclude that the defendant Corbett's automobile was so situated more than one or two seconds prior to the impact. The argument of the plaintiff that the defendant Palmer, instead of applying his brakes, should have swerved to the right and entered the gasoline station lot adjacent to the scene of the accident on the east, suggests only an error of judgment in an emergency which arose very suddenly. The defendant Palmer did the first thing that suggested itself in the stress and excitement of the moment. The outcome might have been better if he had done something else. That is not enough, however, to establish his negligence. (*Woloszynowski* v. *New York Cent. R. R. Co.,* 254 N. Y. 206.) There is no evidence in the record from which a reasonable inference might be drawn that the defendant Palmer was guilty of any negligence which was a proximate cause of the accident. The defendant Palmer could not reasonably be expected to have anticipated the sudden surge of the defendant Corbett's automobile across the highway and into his path. (*Kutlina* v. *Yiengst,* 286 App. Div. 922, affd. 1 N Y 2d 770; *Wolfson* v. *Darnell,* 15 A D 2d 516.) "The consequence is that a driver in his proper lane is not required to anticipate that a car going in the opposite direction will cross over into that lane (*Gooch* v. *Shapiro,* 7 A D 2d 307, affd. 8 N Y 2d 1088). And the failure of a driver not otherwise negligent, who meets such a car, to avert the consequence of such an emergency can seldom be considered negligent (*Meyer* v. *Whisnant,* 307 N. Y. 369)." (*Breckir* v. *Lewis,* 21 A D 2d 546, affd. 15 N Y 2d 1027.) Under the circumstances it must be concluded that defendant Palmer's actions were not the proximate cause of the accident. Judgment modified, on the law and the facts, to the extent of reversing the judgment against defendant Palmer and dismissing the complaint as to him, and, as so modified, affirmed, without costs. Herlihy, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Staley, Jr., J.