ALICE M. NIEVES et al., Respondents, *v.* MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant, et al., Defendants.

First Department, February 27, 1969.

*Ludwig S. Mlott* of counsel (*Stuart Riedel* with him on the brief; *Sidney Brandes,* attorney), for appellant.

*Irwin Gray* of counsel (*Irwin Gray* and *Frankel & Frankel,* attorneys), for respondents.

STEVENS, P. J. This is an action for damages for personal injuries sustained October 5, 1965, when the bus in which plaintiff was a passenger was involved in a collision with a private car owned and operated by defendant Newsome.

The plaintiffs have failed to establish any actionable negligence on the part of the appellant. Actionable negligence involves a duty owing to the injured party, a breach of such duty and injuries proximately resulting therefrom. A common carrier of passengers is not an insurer of the safety of its passengers though it is bound to use a high degree of care for their safety. The testimony adduced on behalf of the plaintiffs was chiefly that of the operator of the bus. He testified that the bus involved was traveling its regular route under the tracks of the elevated structure at a speed of approximately 10 miles per hour when the car of defendant Newsome, which had been traveling in the right or outer lane, suddenly cut into or entered upon the path of the bus and was struck on the left front fender. The driver testified further that he first saw the car as it was coming under the elevated structure four to six feet distant and about one second elapsed prior to the impact. He braked the bus and after the impact swerved to the left. The bus traveled about 20 feet after the impact.

The only other evidence as to how the accident occurred was given by a friend of plaintiff Nieves who accompanied her on the evening in question. This evidence was contained in a statement given shortly after the accident and was to the effect that a red car had run into the middle of the right side of the bus. Such statement was used for impeaching purposes only.

There is no doubt that the sudden unexpected swerving of the Newsome car into the path of the bus called for immediate action by the driver of the bus. On the evidence in the record the bus driver could not reasonably have been expected to anticipate the sudden turn of the Newsome car, hence it was such act by Newsome which proximately caused the accident (see *Wolfson* v. *Darnell,* 15 A D 2d 516, mod. 12 N Y 2d 819; *Braver* v. *Litterilla,* 281 App. Div. 841). From the testimony there was no condition existing which indicated or could reasonably lead appellant's driver to believe that Newsome was about to make the sudden turn, nor is there any evidence which could support a conclusion that he used other than what seemed to be the best judgment under the circumstances. Usually it is a question of fact for the jury as to whether an injury was caused by error of judgment in an emergency or by a negligent act creating the

emergency (*Raolaslovic* v. *New York Cent. R. R. Co.*, 245 N. Y. 91) and a jury has a right to accept or reject testimony as it wills. When, however, as here, the only evidence introduced clearly excludes negligence on the part of appellant, there is no basis upon which liability can be predicated, and no foundation or ground exists which warrants or supports rejection of the testimony. (See *Meyer* v. *Whisnant*, 282 App. Div. 930, affd. 307 N. Y. 369, mot. for rearg. den. 307 N. Y. 911.) A verdict cannot rest upon pure speculation or a testimonial rejection without basis where no other or contradicting evidence is offered (cf. *Hull* v. *Littauer*, 162 N. Y. 569).

Judgment entered April 10, 1968, in favor of plaintiffs-respondents, should be reversed on the law, the judgment vacated, and the complaint dismissed as to appellant, with costs.

NUNEZ, J. (dissenting). Plaintiffs were passengers in a bus owned and operated by the defendant Authority. They were injured when the bus collided with an automobile owned and operated by John Newsome, the codefendant. Substantially all of the testimony given concerning the manner of the happening of the accident was given by the bus driver. He testified that he was driving his bus southbound on Third Avenue, that he brought it to a stop under the el structure at 163rd Street, where passengers alighted and entered; the traffic light was green when he stopped the bus at the corner. He " killed the light " at 163rd Street and Third Avenue, thereby blocking the lane of traffic under the el and causing traffic behind him to change from under the el structure to the right outside lane. When the bus was some distance south of 163rd Street he saw Newsome's automobile in front of him, a distance of four to six feet. It was swerving from the outside lane into the lane in which the bus was proceeding under the el structure. The bus driver did not see the Newsome car until it was immediately in front of him. *After* the collision he swerved his bus to the left. It traveled a distance of approximately 20 feet before it came to a stop. The accident occurred between 162nd and 163rd Streets. The bus driver stated that it was dark at the time the accident happened but that the Newsome car did have its headlights on, and that he could see them. The bus driver also knew that the two traffic lanes to his right between 163rd and 162nd Streets narrowed into one lane between 162nd and 161st Streets.

We have therefore a bus approximately 40 feet long blocking the traffic behind him in the lane under the el (he kept the bus at a standstill while the traffic light was green and while it was red and until it was green again), causing southbound traffic

to go around him to proceed with the green light, then proceeding under the el structure failing to see the Newsome automobile in time to avoid colliding with it, braking and swerving his bus after the collision and bringing it to a stop. It is obvious, of course, that the plaintiffs were injured by the sudden swerving of the bus and not by the impact between the bus and the private automobile. I think we can take judicial notice of the fact that a collision between a private car and a bus would go practically unnoticed by the passengers in the bus as far as any physical effect is concerned.

The trial court properly charged the jury that " exposure of a passenger to danger that the exercise of reasonable foresight would have avoided would be an example of negligence. On the other hand, if you find that the bus operator was faced with a sudden emergency, not of his own making, then a mere error of judgment or wrong choice of action on his part in attempting to avoid an accident would not be negligence." The court also charged, " there may be more than one proximate cause of an accident, where two parties by their separate acts of negligence furnish direct causes of a single injury to another person and it is not possible to determine in what proportion or degree each contributed to the accident. Either is responsible for the whole injury, even though his act alone might not have caused the entire injury." The jury returned a verdict in plaintiffs' favor against both defendants. The Trial Judge denied the motion to set the verdict aside and judgment was entered on the verdict.

My brothers of the majority are reversing and dismissing the complaint as to appellant on the ground that the evidence clearly excludes negligence on the part of appellant and that a verdict cannot rest upon pure speculation or a testimonial rejection without basis where no other evidence is offered.

I cannot agree with my brothers of the majority. The record clearly shows that there was a question of fact for the jury to determine whether the bus operator was negligent or not, and in arriving at their verdict they were not bound to accept the driver's testimony as completely exculpating him of any blame for the accident. No better authority can be cited for this proposition than the majority opinion itself: " Usually it is a question of fact for the jury as to whether an injury was caused by error of judgment in an emergency or by a negligent act creating the emergency (*Raolaslovic* v. *New York Cent. R. R. Co.*, 245 N. Y. 91), and a jury has a right to accept or reject testimony as it wills."

Should the bus driver have anticipated the possibility of cars swerving from the right lane into his lane in view of all the circumstances which immediately preceded the happening of the accident? Concededly men may differ. This question was submitted to 12 jurors under the familiar standard of the man of ordinary prudence and so forth. The 12 jurors have concluded that the bus driver was negligent. The Trial Judge has refused to disturb the verdict. And if there be the merest modicum of negligence attributable to the driver, we too must sustain the verdict. We, the Appellate Judges, should respect it and not disturb it just because we may have come to a different conclusion.

In *Raolaslovic* (*supra*) Judge KELLOGG, writing for a unanimous Court of Appeals at page 100 stated: " Ordinarily, however, the question presented, as in all negligence cases, is one of fact for a jury. The standard of the man of ordinary prudence and skill must be applied. Of that standard and its application the twelve men of the jury are ordinarily the most competent judges." In that case the administratrix brought the action to recover damages for the decedent's death, who had died through drowning in the waters of New York Harbor due to the alleged negligence of his employer, the defendant. A jury awarded damages; the judgment entered upon the verdict was reversed by the Appellate Division and the complaint dismissed, ruling that no actionable negligence had been shown as a matter of law. The Court of Appeals reversed the Appellate Division.

In *Veihelmann* v. *Manufacturers Safe Deposit Co.* (303 N. Y. 526, 530) the Court of Appeals stated: " The question of negligence is for a jury when there is a conflict in the evidence or when, although there is no such conflict, fair-minded men can draw more than one inference from the undisputed facts (*Mead* v. *Parker,* 111 N. Y. 259, 262; *Salt Springs Nat. Bank* v. *Sloan,* 135 N. Y. 371, 384.) " In *Frey* v. *Green Bus Lines* (259 App. Div. 891, mot. for lv. to app. den. 284 N. Y. 818), the court stated: " Plaintiff was not bound by everything defendant's driver said merely because she called him as a witness " (citing cases).

There is a presumption of negligence in favor of passengers against the carrier where an accident occurs (*Plumb* v. *Richmond Light & R. R. Co.,* 233 N. Y. 285; *Renken* v. *Brooklyn & Queens Tr. Corp.,* 280 N. Y. 646).

The United States Supreme Court, in a very recent case, held that a jury verdict and the Trial Judge's action should not be lightly disturbed by appellate courts. In *Grunenthal* v.

*Long Is. R. R.* (393 U. S. 156) the court (7 to 2) reinstated a jury award of $305,000 for a railway track man who suffered personal injuries and reversed the Second Circuit Court of Appeals which had ordered a remittitur to $200,000. The Trial Judge had denied the railroad's motion to set the award aside as excessive. The Trial Judge stated that while he thought the verdict was high (the complaint had only demanded $250,000), after a complete analysis of the plaintiff's injuries and special damages he denied the motion to reduce or set the verdict aside. The Supreme Court held that the action of the Trial Judge should not have been disturbed.

The jury could have exonerated the bus company. The Trial Judge, who was in a much better position than we are to assess the evidence, the nuances, the witnesses' manner of testifying and in general to get the "feel" of the case, denied the appellant's motion to set the verdict aside.

The judgment appealed from should be in all respects affirmed.

TILZER and MACKEN, JJ., concur with STEVENS, P. J.; NUNEZ, J., dissents in opinion in which McGIVERN, J., concurs.

Judgment reversed, on the law, with $50 costs and disbursements to appellant, the judgment vacated, and the complaint dismissed as to appellant; and the Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint, with costs.