■ KONSTANTINA ATHANASOPOULOS et al., Respondents-Appellants, v JOANNE D'AGOSTINO et al., Appellants-Respondents. — Judgment, Supreme Court, Bronx County (Dickenson, J.), entered on August 13, 1981, affirmed, without costs and without disbursements. Concur — Kupferman, J. P., Sandler, Asch and Alexander, JJ.

Milonas, J., dissents in a memorandum as follows: In my opinion, the judgment should be modified to the extent of remanding the matter for a new trial unless the defendant agrees to reapportion liability between the parties on a 50-50 basis. On February 22, 1979 at approximately 12:25 A.M., plaintiff Konstantina Athanasopoulos was returning home from work by her usual means. She disembarked from a bus at the corner of Kingsbridge Road and Sedgwick Avenue in The Bronx and then approached the crosswalk. Waiting

for the light to turn green for pedestrian traffic, she glanced to her left and observed a car which she estimated was sufficiently far enough away to be able to stop at the red light. The light now in her favor, she started to cross Kingsbridge Road. Near the yellow line separating the two roadways in the middle of the street, she was knocked to the ground by a vehicle driven by defendant Frances D'Agostino. According to D'Agostino, she never noticed the plaintiff prior to the impact. Although the defendant's testimony concerning the weather condition that night is somewhat confusing, it was apparently her contention that it was foggy or misty and that her windshield wipers and headlights were on. Athanasopoulos, however, claimed that it was neither rainy nor misty and that visibility was good. Defendant admitted to seeing the traffic light in the intersection, but she was not entirely clear as to the exact location of the accident. Moreover, she allegedly obtained the names of some witnesses at the scene. They were never called at trial, and their absence was not explained. After the police arrived, the plaintiff was taken to the hospital by ambulance. As a consequence of the incident in question, she suffered a spinal injury which has resulted in frequent and severe back pain. Under the circumstances, it is inconceivable that the jury could reasonably have concluded that the pedestrian was 90% negligent, while the driver of the automobile was only 10% negligent. Since the defendant conceded that she never saw Athanasopoulos before striking her, and her testimony regarding the spot at which the impact occurred is contradictory, there was no basis whatever in the evidence to support a finding of 90% negligence on the part of the plaintiff. Thus, where the only proof introduced at trial largely excludes negligence by one of the parties, there is no ground upon which liability can be predicated. (See *Nieves v Manhattan & Bronx Surface Tr. Operating Auth.,* 31 AD2d 359.) At the very most, the plaintiff should have been charged with 50% of the liability.