(October 15, 1985)

■ AARON APPEL, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) an order of the Supreme Court, Kings County (Kramer, J.), dated November 3, 1983, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants, after a trial on the issue of liability only, and (2) a judgment of the same court, dated January 27, 1984, which, upon said verdict, is in favor of the defendants dismissing his complaint.

Appeal from the order dated November 3, 1983 dismissed, without costs or disbursements (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment affirmed, without costs or disbursements.

We find that the jury verdict in favor of the defendants is amply supported by the evidence adduced at trial. The record discloses that the defendant bus driver was faced with a sudden and unexpected obstacle, a young child who ran into the pathway of his moving bus. The presence of this child called for immediate action on the part of the driver and there is no evidence that he acted other than prudently in view of the circumstances with which he was confronted (see, Nieves v Manhattan & Bronx Surface Tr. Operating Auth., 31 AD2d 359, appeal dismissed 24 NY2d 1030).

In *Mintz v International Ry. Co.* (227 NY 197, 199), the Court of Appeals observed that: "[a]s between the act of stopping the car suddenly before it ran upon [the boy] and thereby shaking, displacing or jerking the passengers and the act of stopping it gradually and carefully and therein permitting it to run upon him, the defendant was bound by the commands of ordinary and reasonable prudence and care, as well as by the dictates of the right regard for human life, to adopt the former". As in *Mintz,* the instinctive reactions of the defendant driver in quickly applying his brakes and swerving, so as to avoid striking the child, could not fairly be denominated negligent or careless.

Plaintiff's remaining contentions have been considered and have been found to be without merit. The judgment in favor of defendants is accordingly affirmed. Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.