Jones v New York City Tr. Auth. (2018 NY Slip Op 04281)





Jones v New York City Tr. Auth.


2018 NY Slip Op 04281


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


153717/15 6838 6837

[*1]Rebel Jones, Plaintiff-Appellant,
v
The New York City Transit Authority, et al., Defendants-Respondents.


Zuller Law Offices, New York (Michael E. Zuller of counsel), for appellant.
Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 28, 2017, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 4, 2017, which deemed plaintiff's motion to renew and reargue as a motion to reargue only and denied the motion, unanimously dismissed, without costs, as taken from a nonappealable paper.
The motion court properly invoked the emergency doctrine in finding that no issues of fact exist as to defendants' negligence given plaintiff's failure in opposition to adduce any evidence tending to show that the bus operator, defendant Garcia, created the emergency or could have avoided a collision with the nonparty livery taxi by taking some action other than applying his brakes (see Brooks v New York City Tr. Auth., 19 AD3d 162, 163 [1st Dept 2005]). The sudden unexpected swerving of the livery taxi into the bus's lane required Garcia to take immediate action (see Orsos v Hudson Tr. Corp., 111 AD3d 561 [1st Dept 2013]; Nieves v Manhattan & Bronx Surface Tr. Operating Auth., 31 AD2d 359, 360 [1st Dept 1969], appeal denied 24 NY2d 1030 [1969]). Garcia's reaction of pressing the brakes with enough force to prevent an impact between his bus and the taxi and swerving the bus to the right was a reasonable response to the emergency that was not of his own making (see Wu Kai Ming v Grossman, 133 AD3d 742, 743 [2d Dept 2015]). That Garcia was aware that taxis often cut buses off does not require a different result.
The court properly viewed plaintiff's motion to renew and reargue as a reargument motion only, the denial of which is not appealable (see Garcia v New York Times Co., 106 AD3d 452, 453 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK