■ Eleanore Wirth et al., Respondents, v State of New York, Appellant.—Mahoney, P. J. Appeals (1) from a judgment in favor of claimant Eleanore Wirth, entered December 19, 1988, upon two decisions of the Court of Claims (Quigley, J.), following a bifurcated trial, and (2) from an order of said court, entered January 8, 1990, which denied the State's motion to settle the record.

At approximately 2:15 P.M. on June 20, 1983, claimant Karl Wirth was operating an automobile in a southerly direction on the Taconic State Parkway in Columbia County when he observed a tractor mower owned by the State approximately 500 feet in front of him. The vehicle was mowing grass on a narrow strip between the paved edge of the highway and the guardrails. The width of the mower was such that a portion of the apparatus, including the two left wheels, extended approximately three feet onto the outside lane of the travel portion of the double-laned parkway.

At trial, Karl Wirth testified that when he first observed the mower he put on his directional lights, looked into both his inside rearview mirror and left outside rearview mirror and did not see the automobile which was, in fact, immediately to his rear being driven by Jane Hertz. He further testified that he then began to cross into the passing lane only to be forced by the Hertz vehicle, which had also crossed into the passing lane, to abruptly cross back into the driving lane and, as a consequence, to skid into the rear of the tractor mower. As a consequence of the resulting collision claimant Eleanore Wirth, riding as a passenger with her husband, sustained serious injuries requiring her to be hospitalized for nine days with extensive home care required thereafter.

Claimants commenced this action in September 1983 alleg-

ing, *inter alia,* that the State negligently failed to provide adequate warnings of the presence of the tractor mower on the driving surface of the parkway. By stipulation the trial was bifurcated.* In January 1986, the Court of Claims issued its liability decision finding the State negligent for failing to provide adequate advance warning that a slow-moving vehicle was partially obstructing the inside southerly driving lane of the parkway. The court assessed comparative fault at 75% to Karl Wirth and 25% to the State. Following completion of the bifurcated trial, damages in favor of Eleanore Wirth were assessed at $450,000. This appeal by the State ensued.

Since this is a case where we may weigh the evidence and grant the judgment which, in our view, should have been granted by the trial court *(see, Arnold v State of New York,* 108 AD2d 1021, 1023, *appeal dismissed* 65 NY2d 723), we conclude that the judgment appealed from must be reversed and the claim dismissed. This record clearly demonstrates that the sole proximate cause of this accident was the negligent operation of the Wirth automobile *(see, Nikolaus v State of New York,* 129 AD2d 865, *appeal dismissed* 70 NY2d 728, *lv denied* 70 NY2d 616). While we recognize that the evidence herein establishing that a State-owned vehicle was purposefully encroaching on a portion of the driving surface of the parkway might, under appropriate circumstances, support an inference of recoverable negligence, such an inference is inappropriate in this case.

Here, Karl Wirth first observed the mower when he was 500 feet to its rear. At that distance he had more than sufficient time to observe whether there was any vehicle to his immediate rear that would impede him from safely moving into the passing lane so as to pass the mower. Since he testified that he looked into both his inside and outside rearview mirrors and failed to see any automobile, the only logical explanation is that the Hertz vehicle was alongside his automobile. In that case the prudent thing would have been for Karl Wirth to slow his car to permit passage by Hertz and then to follow that vehicle safely by the mower. The failure to pursue this action was an intervening cause of the accident *(see, e.g., Sheehan v City of New York,* 40 NY2d 496, 503). Under such circumstances, the State mower may have provided the occasion for the accident but cannot be found to have been the

---

* Subsequent to the filing of the notice of appeal, it was discovered that the transcript of the liability trial had been destroyed. In an attempt to reconstruct the record, the parties stipulated to the inclusion in the record of the Trial Judge's notes and the examination before trial of the witnesses.

proximate cause of it *(see, Rogers v Huggins,* 106 AD2d 621, 622). This determination makes it unnecessary to address the appeal from the order denying the State's motion to settle the record.

Judgment reversed, on the law and the facts, without costs, and claim dismissed.

Appeal from the order dismissed, as academic, without costs. Mahoney, P. J., Kane and Mercure, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to affirm in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

The majority holds that claimants failed to establish that the State's negligent conduct was a substantial causative factor in the sequence of events that led to the injury. "That showing need not be made with absolute certitude nor exclude every other possible cause of injury" *(Koester v State of New York,* 90 AD2d 357, 361; *see, Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, 289, *affd* 51 NY2d 752). Where an intervening act contributes to a claimant's injuries, "liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315).

The record disclosed that although claimant Karl Wirth first saw the tractor from a distance of some 500 feet ahead of him, he remained unaware of the attached mower until he was much closer. His attempt to avoid the mower by trying to move into the passing lane rather than by coming to a complete stop was foreseeable. It was also foreseeable that the passing lane might be occupied by other vehicles. While the 15-second reaction time may have been adequate to allow a motorist to avoid the accident by moving to the passing lane, the time was correctly found by the Court of Claims to be insufficient when the driver must contend with being boxed in by another car. The unexpected presence of the tractor mower in the traveling lane not only furnished the occasion for the occurrence of the accident, but was also a "substantial causative factor" in the sequence of events that led to the accident *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520; *cf., Sheehan v City of New York,* 40 NY2d 496, 503).

In our view, Karl Wirth's actions emanated from the negligent acts of the State and were not an extraordinary intervening act. Accordingly, the judgment should be affirmed.