■ John C. Walker et al., Respondents, v Dartmouth Plan Leasing Corporation et al., Appellants.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Stolarik, J.), entered December 3, 1990 in Rockland County, which granted plaintiffs' motion for summary judgment on the issue of liability.

Plaintiffs brought this action to recover for damages sustained as the result of a collision between a vehicle operated by plaintiff John C. Walker and one operated by defendant Anthony B. Soldano. Plaintiffs moved for summary judgment on the issue of liability. Supreme Court granted the motion and defendants appeal.

The undisputed proof shows the accident to have taken place in the following manner. Walker was stopped at a traffic light in the most southerly eastbound lane of State Route 59 in the Town of Clarkstown, Rockland County. To his right was the four-lane access road to the Nanuet Mall. To his left, beyond another eastbound lane, a lane for eastbound traffic turning left and two westbound lanes of Route 59, was the four-lane access road to the Rockland Plaza. Although the access roads to the two shopping centers were perpendicular to Route 59 and directly opposite one another, thereby giving the appearance of a traditional four-way through intersection, signal lights, signs, pavement markings and curbing directed all traffic exiting either shopping center to turn right onto Route 59 and not to cross Route 59 into the other shopping center. The accident took place when Soldano drove his vehicle southbound out of the Rockland Plaza and directly across Route 59 toward the access road to the Nanuet Mall. In the meantime, Walker's traffic light turned green and he and the vehicle in the lane directly to his left began to proceed east on Route 59. By the time Walker drove approximately 10 feet, Soldano's vehicle had crossed into his lane, and Walker drove into the right rear portion of Soldano's vehicle.

In our view, although this evidence clearly establishes that Soldano proceeded straight through the intersection rather than "mak[ing] the movement indicated by [the right-hand green] arrow" (Vehicle and Traffic Law § 1111 [a] [2]), a factual issue remains as to the extent, if any, of Walker's comparative fault. "Even though [Walker] was authorized to proceed in the face of the green light [see, Vehicle and Traffic Law § 1111 (a) (1)], if he observed [Soldano] in the intersection or so near as to render it likely that a collision would occur unless he reduced his speed or stopped his car or if the circumstances and conditions were such that, in the exercise of ordinary prudence, he ought to have made such an observation, he was not authorized to proceed blindly and wantonly without reference to [Soldano's] car but was bound to use such care to avoid the collision as an ordinarily prudent man would have used under the circumstances" *(Shea v Judson,* 283 NY 393, 398; *see, Rennie v Barbarosa Transp.,* 151 AD2d 379, 380;

*Costalas v City of New York,* 143 AD2d 573, 575; *Talay v Del Vicario,* 74 AD2d 601; *Bartholomew v New York Tel. Co.,* 35 AD2d 767; *Leach v Patroon Cab Corp.,* 27 AD2d 769, 770; PJI 2:79).

Here, although Walker testified that he did not observe Soldano in time to avoid the accident, there is no evidence that Walker took the reasonable precaution of looking to his left before he entered the intersection or that his view in that direction was somehow obstructed *(see, Bartholomew v New York Tel. Co., supra).* Under the circumstances, a jury could find that Walker's inattentiveness was a contributing cause of the accident, thereby precluding the award of summary judgment in plaintiffs' favor.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.