■ ANTHONY M. DARMENTO et al., Appellants, v PACIFIC MOLASSES COMPANY, INC. et al., Respondents.—Crew III, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered July 30, 1991 in Madison County, which granted defendants' motion for summary judgment dismissing the complaint.

Viewed most favorably to plaintiffs, the evidence revealed that on January 20, 1989 plaintiff Anthony M. Darmento (hereinafter Darmento) was driving south on State Route 13 with his wife, plaintiff Matilda T. Darmento, in the Town of De Ruyter, Madison County. The road was icy, slippery and completely covered with snow. While plaintiffs were driving down Route 13 at about 30 miles per hour, defendant Walter J. Finlay, Sr., who was employed by defendant Pacific Molasses Company, Inc. as a truck driver, pulled up behind plaintiffs' vehicle with his tractor trailer. The distance between the two vehicles was about one car length for some three to four miles. Darmento was aware of the truck's presence and apparently disconcerted about the proximity of the truck behind him. When Darmento started into a right curve in the road, plaintiffs' vehicle slid from the southbound lane of traffic across the center line and into the northbound lane of traffic, crashed into and bounced off of a guardrail, and slid back across Route 13 into the southbound lane of traffic where it collided with the front of the rear tandem of the tractor trailer.

In April 1990, plaintiffs commenced this action against defendants seeking damages for personal injuries sustained by Matilda Darmento in the motor vehicle accident. After issue was joined and depositions were taken, defendants moved for summary judgment dismissing plaintiffs' complaint on the ground that there was no evidentiary proof which demon-

strated that they were the proximate cause of the personal injuries sustained. Supreme Court granted defendants' motion and dismissed the complaint. This appeal by plaintiffs ensued.

We reverse. Defendants contend, and we agree, that there is no evidence from which a jury could reasonably conclude that Finlay's actions caused plaintiffs' vehicle to slide out of control into the guardrail on the opposite side of the road. There is, however, evidence that Finlay was following too closely and that he did not have his vehicle under control. Finlay testified that when he observed plaintiffs' vehicle sliding out of control, he attempted to stop his truck but could not do so because it began to "jackknife". In order to arrest that process, instead of bringing his vehicle to a stop Finlay accelerated, pulled his vehicle to the right and then came to a stop, during the process of which plaintiffs' vehicle collided with his. Thus, there are present factual and credibility issues with regard to whether Finlay was tailgating plaintiffs' vehicle and did not have his vehicle under control, thereby preventing him from stopping his vehicle in time to avoid the collision. Unquestionably, Finlay's alleged negligence is not the sole cause of the accident. The failure of Darmento to have his vehicle under proper control is a proximate cause of the accident, as found by Supreme Court. It is axiomatic, however, that there may be more than one proximate cause of an accident *(see, e.g., Sweet v Perkins,* 196 NY 482, 485). In the case at bar, we cannot say, as a matter of law, that Finlay's conduct did not contribute to the happening of the accident. Summary judgment was, therefore, not appropriate.

Weiss, P. J., and Mikoll, J., concur.

Levine, J. (dissenting). We find no view of the evidence under which any possibly negligent conduct of defendant Walter J. Finlay, Sr., the driver of the tractor trailer with which plaintiffs' car collided, contributed to the happening of this accident. Both drivers testified at their examinations before trial that they were proceeding south on State Route 13 at a speed of 30 to 35 miles per hour and that the road was slippery. The tractor trailer was 40 feet long, fully loaded with molasses and had a loaded gross weight of 63,000 pounds. We agree with the majority that there was no competent proof that the claimed tailgating by Finlay caused plaintiffs' vehicle to go out of control. Apart from purely conclusory averments, plaintiff Anthony M. Darmento (hereinafter Darmento) never actually testified that his attention was diverted to the tractor trailer following him at the point that he failed to negotiate the 45-degree right curve, after which his car went out of

control and careened off the guardrail on the edge of the northbound lane to strike the rear left side of the trailer in the southbound lane.

Despite its conclusion that Finlay's conduct did not cause Darmento to lose control of his car, the majority nonetheless holds that there is evidence presenting a jury question as to whether Finlay's negligence in following too closely *(see,* Vehicle and Traffic Law § 1129 [a]) and failing to have his vehicle under control prevented him from stopping his vehicle in time to avoid the collision. As to following too closely, the only possible effect of this statutory violation was to place the rear portion of the 40-foot long tractor trailer in the space of the southbound lane that plaintiffs' vehicle entered while it was out of control. Clearly, the tractor trailer was lawfully in that space in the southbound lane. Under such circumstances, Finlay's alleged negligence in following too closely, before Darmento failed to negotiate the curve, merely furnished the condition or occasion for the occurrence of plaintiffs' vehicle striking the trailer rather than one of its causes *(see, Sheehan v City of New York,* 40 NY2d 496, 502-503; *see also, Margolin v Friedman,* 43 NY2d 982, 983; *Wirth v State of New York,* 161 AD2d 1042, 1043-1044, *appeal dismissed* 76 NY2d 876, *lv denied* 77 NY2d 802; *Rogers v Huggins,* 106 AD2d 621, 622; *McCloud v Marcantonio,* 106 AD2d 493, 494-495).

Put another way, the statutory prohibition against following too closely *(see,* Vehicle and Traffic Law § 1129 [a]) that the majority holds Finlay violated is clearly intended to protect against the risk of a rear-end collision because of the unexpected stop or slowing down of the lead vehicle, not the risk of the lead vehicle's loss of control resulting in its striking the side of the following vehicle *(see, e.g., Rebecchi v Whitmore,* 172 AD2d 600, 602; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833; *Gass v Flynn,* 57 Misc 2d 893, 895). "Manifestly, a violation of the statute cannot 'establish liability if the statute is intended to protect against a particular hazard, and a hazard of a different kind is the occasion of the injury' " *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513, quoting *DeHaen v Rockwood Sprinkler Co.,* 258 NY 350, 353).

We find equally untenable the majority's conclusion that there is evidence of Finlay's negligence in failing to have his vehicle under control to stop in time to avoid the collision. As already noted, the evidence was that the tractor trailer was going 30 to 35 miles per hour, an apparently safe and prudent speed under the circumstances, and had a gross weight of

63,000 pounds. That it started to jackknife on a slippery road when Finlay applied the brakes upon observing plaintiffs' car veering into the northbound lane is insufficient, as a matter of law, to establish negligence on Finlay's part in this emergency situation *(see, Palmer v Palmer,* 31 AD2d 876, 877, *affd* 27 NY2d 945; *Nieves v Manhattan & Bronx Surface Tr. Operating Auth.,* 31 AD2d 359, 360-361, *appeal dismissed, lv denied* 24 NY2d 1030). Likewise, in that emergency there is absolutely no basis for finding Finlay negligent in momentarily accelerating to straighten his vehicle once it began to jackknife *(see, supra).* Thus, the loss of control by Finlay posited by the majority really comes back to its previous conclusion that Finlay was following too closely to stop in time to avoid being struck by plaintiffs' vehicle. As previously discussed, any negligence of Finlay in this regard may not be considered the cause of this accident, as a matter of law. Consequently, we would affirm the order granting defendants summary judgment.

Mahoney, J., concurs. Ordered that the order is reversed, on the law, with costs, and motion denied.