■ CHARLES AYOTTE et al., Respondents, v FRANCIS P. GERVASIO, Defendant, NIAGARA MOHAWK POWER CORPORATION, Respondent, and JOSEPH W. LE FEBVRE et al., Appellants. (And a Third-Party Action.)—Crew III, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered November 19, 1991 in Saratoga County, which, *inter alia,* denied a motion by defendants Joseph W. Le Febvre and Hugh A. Holton, Jr. for summary judgment dismissing the complaint against them.

On December 8, 1984, plaintiff Charles Ayotte (hereinafter plaintiff) was a passenger in a pickup truck owned by defendant Hugh A. Holton, Jr. and operated by defendant Joseph W. Le Febvre when it collided with a vehicle owned and operated by defendant Francis P. Gervasio on Mill Road in the Town of Colonie, Albany County. Following the initial impact, the pickup truck left the traveled portion of the road and struck a utility pole. Plaintiff and his spouse subsequently commenced this action against Gervasio, Le Febvre, Holton and defendant Niagara Mohawk Power Corporation, the alleged owner of the utility pole, seeking, *inter alia,* damages for the injuries sustained by plaintiff in the accident. Niagara Mohawk answered, asserted affirmative defenses and cross claims against Gervasio, Le Febvre and Holton, and commenced a third-party action against New York Telephone Company, alleging that New York Telephone was a joint owner of the utility pole. Ultimately, Niagara Mohawk moved for summary judgment and Le Febvre, Holton and New York Telephone cross-moved for the same relief. Supreme Court found in favor of Niagara Mohawk and New York Telephone, granted the respective motion and cross motion dismissing the complaint and all cross claims against them. Le Febvre and Holton's cross motion for summary judgment dismissing the complaint and all cross claims against them was denied. This appeal by Le Febvre and Holton followed.

Initially, we note that although purporting to appeal from each and every part of Supreme Court's order, Le Febvre and Holton do not brief the grant of summary judgment to Niagara Mohawk and New York Telephone. Accordingly, any challenge in that regard is deemed waived *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

Turning to the merits, it is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact * * * Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [citations omitted]; *see, Graff v Amodeo,* 178 AD2d 901, 902). Here, Le Febvre and Holton contend that the sole proximate cause of plaintiff's injuries was Gervasio's negligent operation of his vehicle and, therefore, summary judgment should have been granted in their favor. We cannot agree. Plaintiff's and Le Febvre's examination before trial testimony established that at the time of the accident portions of Mill Road were covered with wet, slushy snow. Le Febvre testified that as he was traveling northbound on Mill Road at approximately 20 to 25 miles an hour, he observed Gervasio's vehicle (which had been traveling southbound) slide into the northbound lane approximately 100 feet in front of him. Although Le Febvre took his foot off the gas and attempted to pull over to the edge of the road, the pickup truck began to slide once he applied the brakes and he was unable to stop before he collided with Gervasio's vehicle and, ultimately, the utility pole.

In light of this testimony, we are unable to conclude, as a matter of law, that Gervasio's alleged negligence in operating his vehicle was the sole proximate cause of the accident. Plainly, there may be more than one proximate cause of an accident *(see, Darmento v Pacific Molasses Co.,* 183 AD2d 1090, 1091), and we are of the view that a factual question exists regarding whether Le Febvre was negligent in his operation of Holton's vehicle between the time he first observed Gervasio's vehicle and the collision. This question, in turn, is best left for resolution by the trier of fact *(see generally, Mercado v Vega,* 77 NY2d 918, 920; *Johannsdottir v Kohn,* 90 AD2d 842). Thus, inasmuch as Le Febvre and Holton failed to establish their entitlement to judgment as a matter of law, summary judgment was properly denied and we need not address the adequacy of the opposing papers.

Weiss, P. J., and Yesawich Jr., J., concur.

Mikoll, J. (dissenting). We respectfully dissent.

Summary judgment should have been granted to defendants Hugh A. Holton, Jr. and Joseph W. Le Febvre. Plaintiffs failed to present any evidentiary facts from which negligence on the part of these defendants could be inferred.

The accident occurred because of defendant Francis P. Gervasio's vehicle sliding into the opposite lane of traffic into the path of Le Febvre's vehicle when approximately 100 feet away from it. Being confronted by an emergency situation, Le Febvre need not have taken the best course of action in order to avoid the imminent collision. His conduct was required to be only reasonable in the light of the emergency circumstances confronting him *(see, Rowlands v Parks,* 2 NY2d 64). In no view of the evidence can it be said that Le Febvre's veering to the right and applying his brakes in the 100 feet remaining for him to make a response was other than reasonable. From the appearance of the Gervasio car in Le Febvre's lane until impact was but a matter of seconds. Mere error of judgment or wrong choice of action is not negligence when one is called upon to act quickly in the face of peril *(Palmer v Palmer,* 31 AD2d 876, 877, *affd* 27 NY2d 945). Holton and Le Febvre are entitled to summary judgment as a matter of law.

The case of *Darmento v Pacific Molasses Co.* (183 AD2d 1090, 1091), relied on by the majority, is not applicable to the facts of this case.

Harvey, J., concurs. Ordered that the order is affirmed, with one bill of costs to respondents filing briefs.