OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the negative.
This is a negligence action to recover for personal injuries sustained in a motor vehicle accident. Plaintiff Anthony M. *987 Darmento was driving and his wife, plaintiff Matilda T. Darmento, was a passenger. Plaintiffs contend that as they were driving south on State Route 13, which was icy, slippery and covered with snow, defendant Walter J. Finlay negligently operated the 31-ton tractor-trailer owned by defendant Pacific Molasses Co. in that he followed their vehicle too closely, was going at an excessive rate of speed under the circumstances, and did not have his vehicle under control. It is further alleged that Darmento observed the tractor-trailer following too closely and that he found this "disconcerting,” causing Darmento to lose control of his vehicle. Plaintiffs’ vehicle then skidded into a guardrail, careened off of it and back into the flow of trafile, resulting in a collision between the tractor-trailer and the front passenger side of the plaintiffs’ vehicle. Supreme Court granted defendants’ motion for summary judgment on the ground that the only cause of the accident was plaintiff’s loss of control of his vehicle.
The Appellate Division, by a 3 to 2 majority reversed, concluding that there were triable issues of fact as to whether Finlay was tailgating plaintiffs’ vehicle and failed to control his vehicle (Darmento v Pacific Molasses Co., 183 AD2d 1090, 1091).
The dissent contended that even if Finlay violated Vehicle and Traffic Law § 1129 (a) by tailgating, a finding of negligence could not be based upon that violation because the statute was not intended to protect against the risk of a collision of this nature and that, as a matter of law, following too closely to avoid the collision could not be the cause of this accident (Darmento v Pacific Molasses Co., 183 AD2d, at 1092-1093, supra).
The issue before us is whether there are triable issues of fact to preclude the grant of summary judgment in defendants’ favor. We conclude that there are triable issues of fact, but not those identified by the Appellate Division. In this case, it must be determined whether it was reasonable under the circumstances for Finlay to follow the plaintiffs’ vehicle as he did (see, Vehicle and Traffic Law § 1129 [a]). If it is determined that Finlay’s conduct was unreasonable, the trier of fact must consider whether such conduct was a proximate cause of plaintiff’s losing control of his car.
We reject defendants’ contention that Vehicle and Traffic *988 Law § 1129 (a) is intended to protect only against rear-end collisions. Vehicle and Traffic Law § 1129 (a) states in pertinent part:
"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.”
By the plain language of this statute, it is clear that there is a violation of law when a driver follows another too closely without adequate reason and that a collision — rear-end or otherwise — is not required. While a rear-end collision is the most obvious type of accident to occur as a result of tailgating, other types of accidents also may occur. Moreover, the legislative history of the tailgating statute provides no illumination on this point (see, L 1957, ch 698). Thus, there are triable issues of fact as to whether Finlay was driving in an unreasonable manner by driving too closely and, if so, whether his unreasonable driving was a proximate cause of plaintiffs loss of control.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur in memorandum.
Order affirmed, etc.