■ PHYLISS COHEN, Respondent, v JOHN L. MASTEN, Appellant. (And Another Related Action.) [610 NYS2d 385] —Casey, J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 23, 1993 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.

This action and another action arose out of an automobile accident which occurred in Sullivan County when the vehicle being driven by plaintiff in the northbound lane of a two-lane road swerved into the southbound lane of traffic and collided with a southbound vehicle being driven by defendant. The evidence submitted by the parties on defendant's motion for summary judgment establishes that plaintiff swerved to the left to avoid a dog. Plaintiff's vehicle crossed into the southbound lane and when she saw defendant's vehicle approaching in the southbound lane, she attempted to steer back into the northbound lane. The collision occurred in the southbound lane. The front of defendant's vehicle struck the driver's side of plaintiff's vehicle.

In his examination before trial, defendant testified that he

was proceeding at approximately the speed limit of 30 miles per hour when he saw a dog trot from the shoulder on the northbound side of the road into the northbound lane of traffic in front of plaintiff's vehicle. According to defendant, he put his foot on the brake pedal when he saw the dog and he applied full pressure to the brakes when plaintiff's vehicle swerved left; he also tried to steer to the right. The wheels of his vehicle locked up and slid before the impact, according to defendant, who testified that he was almost stopped when the impact occurred. Defendant testified that prior to impact, plaintiff's vehicle went into a slide and slid sideways along the southbound lane before impact. In her examination before trial, plaintiff presented little detail about the happening of the accident. She testified that she was traveling at 30 miles per hour or less, that she swerved into the opposite lane to avoid a dog and that she attempted to steer back into the northbound lane when she saw defendant's vehicle. The only other relevant evidence in the record is the police accident report which depicts the location of the vehicles after impact and the areas of the vehicles that sustained damage.

Based upon the evidence in the record, we are of the view that defendant was entitled to summary judgment dismissing plaintiff's complaint. Defendant was not required to anticipate that plaintiff's vehicle would cross over into his lane (see, Benedetto v City of New York, 166 AD2d 209). Due to the appearance of the dog and plaintiff's attempt to avoid the dog by swerving into the southbound lane, defendant was confronted with an emergency and there is no evidentiary proof in admissible form to demonstrate that defendant was negligent in responding to the emergency (see, Hornacek v Hallenbeck, 185 AD2d 561, 562). Plaintiff's own testimony, in and of itself, establishes that her operation of her vehicle, whether negligent or not, created an emergency for defendant, and there is nothing in her testimony to suggest that defendant acted unreasonably in response to the emergency. She testified that events occurred quickly, but she was unable to give any relevant times or distances. The only evidence in the record concerning defendant's conduct is his testimony that he was traveling at 30 miles per hour or less, that he began to apply the brakes when he first saw the dog and that he applied full pressure to the brakes when plaintiff steered her vehicle to the left.

Plaintiff contends that defendant did not signal, give a warning or pull off the road or take other evasive action, but there is no evidence in the record that defendant could have

avoided the collision which occurred when plaintiff's vehicle suddenly veered into defendant's lane *(see, McGraw v Ranieri, 202 AD2d 725).* Plaintiff refers to the conclusions contained in an expert's report, but the report was not submitted on the motion. The evidence in the record was sufficient to meet defendant's burden of establishing entitlement to judgment as a matter of law on the issue of his responsibility for the accident and, therefore, the burden shifted to plaintiff to present evidentiary proof in admissible form to demonstrate questions of fact concerning defendant's negligence *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The mere conclusions, expressions of hope and unsubstantiated allegations presented by plaintiff were insufficient to meet this burden *(see, supra).*

Plaintiff's reliance upon *Darmento v Pacific Molasses Co.* (183 AD2d 1090, *affd* 81 NY2d 985) is misplaced, for there was evidence in the *Darmento* case that the roads were icy and that the defendant driver was tailgating and did not have his vehicle under control. The case of *Ayotte v Gervasio* (186 AD2d 963, *affd* 81 NY2d 1062) is also distinguishable, for as noted by the Court of Appeals, the moving parties' "conclusory assertions" regarding the proximate cause of the plaintiff's injuries were insufficient to meet their burden as the proponents of the motion for summary judgment *(Ayotte v Gervasio,* 81 NY2d 1062, 1063). Here, however, defendant met his burden, for there is evidence in the record to demonstrate that he was confronted with an emergency and was not negligent in regard to the emergency. The *Ayotte* case does not establish that a question of fact exists whenever a vehicle crosses over into the opposite lane and collides with a vehicle traveling in that lane. Depending upon the facts and circumstances of the particular cases, summary judgment may be appropriate *(see, e.g., McGraw v Ranieri, supra),* and we conclude that this is one of those cases where summary judgment is appropriate.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.