■ EDWARD A. PREMO et al., Respondents, v VALERIE W. LAM, Respondent, and HOWARD R. HUTO, JR., et al., Appellants. [635 NYS2d 319] —Casey, J. Appeal from an order of the Supreme Court (Demarest, J.), entered May 1, 1995 in St. Lawrence County, which denied the motion of defendants Howard R. Huto, Jr., William F. Shutts and Judith R. Shutts for summary judgment dismissing the complaint and cross claim against them.

On February 6, 1992, plaintiff Edward A. Premo was a passenger in a taxicab driven by defendant Howard R. Huto, Jr. and owned by defendants William F. Shutts and Judith R. Shutts, doing business as Tom's Taxi. As the taxi traveled along

County Route 42 in the Town of Massena, St. Lawrence County, it collided with a motor vehicle driven by defendant Valerie R. Lam, as Lam attempted to take a left turn in front of the oncoming taxi. This negligence action ensued.

Huto and the Shuttses (hereinafter collectively referred to as defendants) thereafter moved for summary judgment dismissing both the complaint and Lam's cross claim against them on the ground that Lam's conduct in turning left at an intersection directly in front of an oncoming vehicle constituted negligence as a matter of law and that such negligence was the sole cause of plaintiffs' damages. Supreme Court denied defendants' motion and we now affirm.

Triable issues of fact exist here that preclude summary judgment (*see, Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). These concern whether Lam's conduct was the sole precipitating cause of the accident or if Huto contributed to the collision by failing to exercise due care in keeping a proper lookout and keeping his vehicle under sufficient control (*see, Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952, 953). There is also an issue of fact as to whether the Shuttses might be guilty of negligence for their alleged failure to equip the taxi with a seatbelt for the front-seat passenger (*see, Rascoe v Riteway Rentals*, 199 AD2d 9) or whether Premo might himself have been negligent for failure to wear a seatbelt if, in fact, there was one available (*see, Casey v Slattery*, 213 AD2d 890). Finally, there remains unresolved the issue of the proportion of negligence, if any, attributable to each defendant (*see, Darmento v Pacific Molasses Co.*, 183 AD2d 1090, 1091, *affd* 81 NY2d 985). It is, accordingly, our conclusion that the summary judgment motion of defendants was properly denied by Supreme Court.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.