■ LANE T. WRENN, Appellant, v VILLAGE OF ELMIRA HEIGHTS et al., Respondents. [644 NYS2d 394] —Mikoll, J.

Plaintiff was injured on December 23, 1992 due to a slip and fall on a patch of ice in a public street outside his place of business in the Village of Elmira Heights, Chemung County. He sued defendant Village of Elmira Heights alleging negligent maintenance of the roadway by the Village resulting in ice, snow and slush accumulating in the parking areas and, also, defendant Alfred O. Popovich, owner of the property adjoining plaintiff's property, alleging negligent snow removal by Popovich who shoveled snow into the area between the sidewalk and the road.

Defendants' motion for summary judgment was granted and plaintiff's complaint was dismissed. Supreme Court found that Popovich's conduct in piling snow around a telephone pole and street sign between the sidewalk and curb of his property was reasonable and not in violation of any statute or ordinance and that no evidence was presented that Popovich breached a duty of care to plaintiff. As to the Village, the court found that the plowing practices conducted by the Village were reasonable and proper and that no duty to plaintiff had been breached.

We affirm. The moving papers submitted by the Village established that its snow removal was done in conformity with its usual and customary practice and within a reasonable time after a snowfall. The Village proved that the street in question

was cleared to the curbline. Having established its entitlement to summary judgment, the burden shifted to plaintiff to establish by evidentiary proof in admissible form an issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557). Plaintiff failed to do so. Plaintiff was required to show that the condition causing his accident was dangerous, that the Village had notice thereof, that it had a reasonable opportunity to correct it and failed to do so, and that the condition proximately caused plaintiff's injuries. Plaintiff's conclusory assertions as to what caused the slippery condition complained of, without any supporting evidence, is insufficient to establish a prima facie case against the Village (*see, Cohen v Masten*, 203 AD2d 774, 776, *lv denied* 84 NY2d 809).

As to Popovich, there is no evidence that any of his actions regarding snow removal were a proximate cause of plaintiff's injury. Summary judgment was appropriately granted. Plaintiff's speculation and conjecture regarding the cause for the accident was insufficient to meet his burden of proof (*see, Cohen v Masten, supra*, at 776).

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.