■ SANDRO DJELOSAJ et al., Respondents, v GAINES SERVICE LEASING CORP. et al., Appellants, et al., Defendants. [655 NYS2d 936] —Judgment, Supreme Court, Bronx County (Luis Gonzalez, J.), entered February 29, 1996, upon a verdict in favor of plaintiffs awarding them damages of, *inter alia*, $800,000 for past and future pain and suffering, $120,000 for past lost earnings, and $435,688 for future lost earnings, and, upon plaintiffs' stipulation in lieu of a new trial on damages, reducing their

damages for past and future pain and suffering to $600,000 and for past lost earnings to $75,000, unanimously affirmed, without costs.

While it was improper for plaintiffs' attorney to argue in summation that defendant Elgazery did not testify because he did not have a different version of the facts than that testified to by the injured plaintiff, this conduct, standing alone, did not deprive defendants of a fair trial.

The trial court correctly charged the jury on Vehicle and Traffic Law § 1180 (a) and § 1129 (a), on the basis of plaintiff's testimony that Elgazery drove a limousine "very fast" into the back of his vehicle (see, Darmento v Pacific Molasses Co., 81 NY2d 985, 987-988; Vasquez v Consolidated Rail Corp., 180 AD2d 247, 251-252, lv denied 80 NY2d 762; Gladstone v Hachuel, 225 AD2d 730).

The claim of error concerning the charge on aggravation of a latent condition is not preserved for review (CPLR 4110-b, 5501 [a] [3]). In any event, it appears that one theory of plaintiffs' case, as indicated in their bill of particulars, was that the accident at issue aggravated certain preexisting symptoms.

Defendants' contentions concerning the opening statements made by plaintiffs' attorney, the testimony by defendant Beaubrun, and the admission into evidence of statements embodied in a police report either are not preserved for review or are without merit. Moreover, it was defendants who elicited the statements contained in the police report during their case.

The awards for past and future pain and suffering, as reduced by the trial court, do not deviate materially from what is reasonable compensation under the present circumstances (CPLR 5501 [c]; cf., Gonzalez v Manhattan & Bronx Surface Tr. Operating Auth., 160 AD2d 420), and the awards for past and future lost earnings, as reduced by the trial court, are supported by evidence of the injured plaintiff's salary, work life expectancy, and inability to mitigate damages through new employment either because of his disabilities or lack of skills.

We have considered defendants' remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.