■ Franca Greco, Appellant, v Lucia R. Boyce et al., Respondents. [691 NYS2d 599] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered August 7, 1998 in Columbia County, which granted defendants' motion for summary judgment dismissing the complaint.

A two-vehicle accident occurred at the intersection of US Route 9 and State Route 23 in the Town of Greenport, Columbia County, when plaintiff's car was struck by a pickup truck owned by defendant C.P. De Graff and driven by defendant Lucia R. Boyce (hereinafter defendant). At the time of the accident, plaintiff was in the course of making a left-hand turn. After discovery, Supreme Court granted defendants' motion for summary judgment and dismissed the complaint. Plaintiff appeals.

This being a motion for summary judgment, we are obliged to view the evidence in a light most favorable to the nonmoving party, affording that party the benefit of all reasonable inferences, and to ascertain whether a material triable issue of fact exists (*see, Boyce v Vazquez*, 249 AD2d 724, 726). Here, the parties' conflicting deposition testimony raise such an issue.

It is reasonably inferable from the drivers' depositions that plaintiff, traveling south on Route 9 and following a vehicle which proceeded to make a left turn onto intersecting Route 23, came to a complete stop at the intersection. Observing no vehicles approaching from the opposite direction and with her left turn signal on, she began making her turn. Plaintiff testified that as she did so, defendant's vehicle came "like a bullet" through the intersection and without warning struck plaintiff's car, causing extensive damage to the engine and front bumper area of her 1983 four-door sedan.

From defendant's deposition, it appears that she had not operated this truck prior to the day of the accident and that she was traveling north at 35 to 40 miles per hour as she approached the intersection. Despite no obstructions to her vision, she did not notice plaintiff's vehicle until she was approximately 10 feet from the intersection and the overhead traffic light was amber. At no time did she observe any turning signal displayed.

Although from the foregoing testimony it is easy to conclude that plaintiff was negligent by attempting to turn left without yielding to defendant (*see*, Vehicle and Traffic Law § 1141), there still exists a fact issue as to defendant's comparative fault, for one cannot blindly and wantonly enter an intersection (*see*, Vehicle and Traffic Law § 1180 [e]). Given plaintiff's testimony suggesting that as defendant approached the intersection she failed to keep a proper lookout and to see that which was there to be seen, and the further fact that defendant may have been traveling too fast for the circumstances she confronted and in so doing contributed the accident's cause, it cannot be adjudged as a matter of law that plaintiff's "conduct was the sole precipitating cause of the accident" (*Premo v Lam*, 222 AD2d 872, 873; *see*, *Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952, 953). Moreover, this conflicting testimony presents credibility issues which cannot be resolved on a motion for summary judgment (*see*, *Boyce v Vazquez*, 249 AD2d 724, 726, *supra*).

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.