■ CHRISTINE A. ANDERSON, Respondent, et al., Plaintiff, v JENNIFER L. MILLER, Appellant. (Action No. 1.) MICHAEL HAGAN, as Parent and Guardian of ZACHARY HAGAN et al., Infants, Appellant, v CHRISTINE A. ANDERSON, Respondent, et al., Defendant. (Action No. 2.) [692 NYS2d 816] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ingraham, J.), entered April 7, 1998 in Otsego County, which granted the motion of Christine A. Anderson for summary judgment dismissing defendant's counterclaim in action No. 1 and the complaint and cross claim asserted against her in action No. 2.

On July 25, 1995 at approximately 8:20 A.M., Christine A. Anderson was involved in an automobile accident while driving westbound on County Route 23 in the Town of Exeter, Otsego County. Anderson's vehicle collided with one operated by Jennifer L. Miller, who was driving eastbound on Route 23. The collision apparently occurred as Miller attempted to make a left-hand turn onto Wing Hill Road.

As relevant here, Anderson and her husband, derivatively, commenced a negligence action (hereinafter action No. 1) against Miller, who by her answer asserted a counterclaim against Anderson. An additional negligence action (hereinafter action No. 2) was commenced by Michael Hagan, as parent and legal guardian of two infant passengers in Miller's vehicle, against both Anderson and Miller,* and Miller asserted a cross claim against Anderson. Supreme Court, concluding that Miller's negligence was the sole proximate cause of the accident, granted summary judgment in Anderson's favor, dismissing the counterclaim in action No. 1 and the complaint and cross claim in action No. 2. This appeal followed.

Photographs in the record permit the inference that this accident was not a head-on collision but, rather, occurred at a curve in an area where the branches of a "Y" intersection meet (*see*, Vehicle and Traffic Law § 120 [a]). While the record evidence readily leads one to believe that Miller was negligent in attempting to turn left at the intersection without yielding to Anderson (*see*, Vehicle and Traffic Law § 1141), it also indicates that Anderson's conduct was not beyond reproach. Anderson testified—Miller's injuries assertedly have left her with no memory of the accident—that she was familiar with County Route 23, traveling it daily on her commute to and from work and that she considered this intersection to be a dangerous one. Though fully aware of a road sign suggesting a maximum speed of 25 miles per hour, Anderson admitted traveling ap-

---

* By Hagan's motion, the actions were consolidated.

proximately 35 to 40 miles per hour when she entered the intersection (*see*, Vehicle and Traffic Law § 1180 [e]). More importantly, Anderson could not recall where she was looking prior to the accident, and further, notwithstanding a clear and unobstructed view of the intersection, unaccountably only observed Miller's vehicle "less than a fraction of a second" before the collision occurred. In our view, this record is sufficient to raise an issue of fact as to whether Anderson was operating her vehicle at an imprudent speed given the circumstances she would have confronted had she been attentive to her driving. As it appears she was to some degree at fault in causing this accident, summary judgment was inappropriate (*see*, *Premo v Lam*, 222 AD2d 872, 873; *Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952, 953).

Cardona, P. J., Crew III and Graffeo, JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent. In view of the uncontroverted proof that Jennifer L. Miller's negligence was the sole proximate cause of the accident, I would affirm the grant of summary judgment in favor of Christine A. Anderson, plaintiff in action No. 1 and a defendant in action No. 2. While not a classic "head on" collision, the accident occurred not in an intersection but at a fork in the road when Miller unexpectedly and unsafely entered Anderson's lane of traffic. Under these circumstances, Anderson is entitled to application of the well-settled principle that a driver is not obliged to anticipate that a vehicle traveling in the opposite direction will enter his or her lane of traffic (*see*, *Hanover Ins. Co. v Washburn*, 219 AD2d 773; *Cohen v Masten*, 203 AD2d 774, 775, *lv denied* 84 NY2d 809; *Gouchie v Gill*, 198 AD2d 862).

Miller proffered no evidence of any culpable conduct on the part of Anderson sufficient to raise an issue of fact as to the proximate cause of the accident. Anderson, traveling within the 55-miles-per-hour posted speed limit, testified that she saw Miller's vehicle less than a second before impact and had no opportunity to apply her brakes or take any evasive action. Even assuming, arguendo, that Anderson's speed exceeded the posted recommendation for negotiating the curve, it is only rank speculation that this factor played any role in the accident. Since Miller failed to negate Anderson's prima facie showing that her negligence was the sole proximate cause of the accident, Supreme Court properly dismissed the counterclaim in action No. 1 and the cross claim in action No. 2.

Ordered that the order is reversed, on the law, with costs, and motion denied.