■ BERTHA L. BOSTON, as Administrator of the Estate of GREGORY BOSTON, Deceased, Appellant, v INGRID H. DUNHAM et al., Respondents. [711 NYS2d 54] —Lahtinen, J. Appeals from two orders of the Supreme Court (Rumsey, J.), entered April 8, 1999 in Cortland County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

On September 18, 1995 at approximately 8:40 A.M., defendant Ingrid H. Dunham (hereinafter Dunham) was operating an automobile owned by defendant John Dunham in an easterly direction on Port Washington Street in the City of Cortland, Cortland County. As she approached the intersection of Port Washington Street and Pendleton Street, Dunham moved to the rightmost lane* to pass a van operated by defendant John J. McCool and owned by his employer, defendant NYNEX Corporation. McCool's vehicle was stopped in the crosswalk over Port Washington Street on the west side of the intersection with its left-turn signal on waiting for westbound traffic to clear to turn north on Pendleton Street. As Dunham entered the intersection with a green light, her vehicle was struck in the front left quarter panel by a motorcycle operated by Gregory Boston (hereinafter decedent) who also had the green light and was attempting a left turn from the westbound lane of Port Washington Street, to proceed in a southerly direction at the intersecting Pendleton Street. As a result of the collision decedent was thrown from his motorcycle and sustained fatal injuries.

The driver of the vehicle traveling behind Dunham estimated that Dunham was traveling 25 to 30 miles per hour and, immediately prior to impact, observed her hit the brakes hard enough to cause her vehicle to skid and swerve to the right to try and avoid decedent's motorcycle. Witnesses in a vehicle proceeding westbound on Port Washington Street observed decedent pass their vehicle which was traveling 30 to 35 miles per hour and "cut the turn too early", striking the left front of the Dunham vehicle.

Plaintiff, as administrator of decedent's estate, commenced this action in Erie County seeking damages for wrongful death and conscious pain and suffering. By order entered May 14, 1997, venue of the action was changed to Cortland County.

---

* Port Washington Street has two undelineated lanes for travel in each direction.

Upon completion of discovery all defendants successfully moved for summary judgment. Supreme Court found that Dunham had a green traffic signal at a controlled intersection and it was not unreasonable for her to presume it was safe to proceed through the intersection in the absence of any readily observable indication to the contrary, and that there was no evidence Dunham saw or should have been aware of decedent's vehicle as she entered the intersection. As to McCool, Supreme Court held that there was nothing in the record which could lead a reasonable fact finder to conclude that McCool's actions were unlawful or imprudent and "the mere fact the position of his van may have contributed to the accident * * * cannot, without more, form the basis for a finding that he was negligent". Plaintiff appeals and we now reverse as to Dunham.

When faced with a motion for summary judgment, a court's task is issue finding rather than issue determination (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404) and it must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact (*see, Boyce v Vazquez*, 249 AD2d 724, 726). In the first instance the movant must provide a prima facie showing by sufficient evidence that they are entitled to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), thereby shifting the burden to the opposing party to demonstrate by evidentiary proof in admissible form that a triable issue of fact exists (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Iwaszkiewicz v Callanan Indus.*, 258 AD2d 776, 777; *see also*, CPLR 3212 [b]). While we find that both defendants satisfied their initial burden of demonstrating entitlement to judgment as a matter of law, plaintiff has responded with sufficient evidence in admissible form to create triable issues of fact as to Dunham's comparative negligence.

Defendants claim that the sole cause of the collision was decedent's negligence in attempting a left turn without yielding to eastbound traffic (*see*, Vehicle and Traffic Law § 1141). While the evidence clearly establishes decedent's violation of Vehicle and Traffic Law § 1141 as a substantial cause of the accident, a question of fact remains as to the comparative fault, if any, of Dunham (*see, e.g., Premo v Lam*, 222 AD2d 872, 873). Dunham admitted, and a witness operating another eastbound vehicle traveling behind her at the time of the collision confirmed, that she did not reduce her lawful speed as she entered the intersection. Dunham also testified at her deposi-

tion that she was looking only in her lane of travel as she proceeded into the intersection. Although a driver entering an intersection with a green light is not normally required to reduce his or her lawful speed (*see, e.g.*, *McGraw v Ranieri*, 202 AD2d 725), we have previously held that "one cannot blindly and wantonly enter an intersection" (*Greco v Boyce*, 262 AD2d 734, 735; *see*, Vehicle and Traffic Law § 1180 [e]; *Shea v Judson*, 283 NY 393, 398; *Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952, 953).

A trier of fact could reasonably conclude that Dunham did not keep a proper lookout and may have been traveling too fast under the circumstances existing at the intersection at the time of the collision (*see*, *Greco v Boyce, supra*), particularly where, as here, sight lines to the intersection were blocked in both directions by the position of McCool's vehicle. Plaintiff provided admissible proof of these impaired sight lines in the form of the affidavit of her accident reconstruction expert, including a detailed diagram of the intersection and the relative position of the vehicles gleaned from his investigation which included a review of all reports and statements and personal investigation at the scene. As there may be more than one proximate cause of an accident (*see*, *Iwaszkiewicz v Callahan Indus.*, 258 AD2d 776, 777, *supra*), on this record we cannot conclude as a matter of law that no conditions existed at the time of the collision requiring Dunham to either reduce her speed or keep a more careful lookout upon entering an intersection where her view of that intersection was obstructed by McCool's vehicle (*see*, *Anderson v Miller*, 263 AD2d 643).

With regard to McCool, plaintiff argues that McCool's stopping in the crosswalk, in violation of Vehicle and Traffic Law § 1202 (a) (1) (d), was negligence per se and created a jury question with respect to whether the violation was a proximate cause of the accident. We find such argument lacking in merit. Vehicle and Traffic Law § 1202 (a) (1) (d) was enacted to protect pedestrians (*see*, *Hopping v Connors*, 220 AD2d 957, *lv denied* 87 NY2d 811) and cannot establish negligence per se on the part of McCool since decedent, who was not a pedestrian, was not within the class of individuals intended to be protected (*see*, *Keiser v Elmer*, 225 AD2d 589). Accordingly, plaintiff was required to show that McCool's decision to stop his vehicle where he did breached his common-law duty of ordinary care under the existing circumstances or come forward with some other competent proof that he was otherwise negligent in the operation of his vehicle, which negligence could be viewed as a substantial cause of this accident (*see*, *Sullivan v Locastro*, 178

AD2d 523, *lv denied* 81 NY2d 701), and this she has failed to do. Supreme Court's dismissal of plaintiff's complaint as it pertains to McCool must be affirmed.

Finally, the record supports plaintiff's claim for damages for preimpact terror embodied in the observations of a witness who saw a surprised look on decedent's face just prior to impact (*see, Lang v Bouju*, 245 AD2d 1000, 1001). However, since the record lacks any indication that decedent evinced some level of awareness postimpact and prior to his death (*see, Barron v Terry*, 268 AD2d 760, 760-762), as a witness at the scene indicated that decedent was unresponsive and made gurgling noises for only a few seconds, the claim for conscious pain and suffering and postimpact terror must fail.

Mercure, J. P., and Peters, J., concur.

Spain, J. (concurring in part and dissenting in part). While we agree with the majority that defendants John J. McCool and NYNEX Corporation were entitled to summary judgment dismissing the complaint against them, we disagree with the majority's conclusion that defendants Ingrid H. Dunham (hereinafter Dunham) and John Dunham were not entitled to similar relief. Contrary to the majority's suggestion, there is absolutely no evidence that Dunham "blindly and wantonly" drove her vehicle into the intersection when she knew or should have known of the presence of the motorcycle driven by Gregory Boston (hereinafter decedent) in the intersection (*compare, Matt v Tricil [N. Y.]*, 260 AD2d 811; *Anastasio v Scheer*, 239 AD2d 823, *with Shea v Judson*, 283 NY 393, 398; *Greco v Boyce*, 262 AD2d 734). The undisputed eyewitness testimony demonstrates that the eastbound Dunham vehicle, which was traveling at or below the speed limit, had already entered the intersection when decedent turned his westbound motorcycle into the eastbound lanes of traffic and that the tragic accident occurred in the curbside eastbound lane, at the middle of the intersection, where the motorcycle struck the side of Dunham's vehicle. Nothing Dunham did or failed to do caused or contributed to the happening of this collision (*see, Miesing v Whinnery*, 233 AD2d 551). Rather, the sole proximate cause of the accident was decedent's negligence in failing to exercise reasonable care to ascertain the traffic conditions in the curbside eastbound lane before turning, proceeding through the intersection and failing to yield the right of way to Dunham's vehicle (*see, Matt v Tricil, supra*; *Anastasio v Scheer, supra*; *Hornacek v Hallenbeck*, 185 AD2d 561).

The claims of plaintiff and her expert that the accident could have been avoided if Dunham had reduced her speed upon

entering the intersection and if she had been more attentive to westbound traffic are speculation and conjecture based solely upon the theory that, as a result of the obstruction created by the McCool vehicle, Dunham was obligated to anticipate that a westbound vehicle would attempt to turn across the eastbound lanes without yielding the right-of-way to eastbound traffic. The majority's acceptance of these claims reflects a marked divergence from this Court's established precedents which hold that the driver of a vehicle is not required to reduce speed upon entering an intersection unless conditions warrant such a reduction (*see, Anastasio v Scheer, supra; Wilkie v Price,* 221 AD2d 846), that the driver of a vehicle is not required to anticipate that another vehicle will cross over into his or her lane (*see, McGraw v Ranieri,* 202 AD2d 725, 727), and that the driver with the right-of-way is entitled to anticipate that other drivers will obey the traffic laws that require them to yield the right-of-way (*see, Matt v Tricil, supra,* at 829; *Hazelton v Brown,* 248 AD2d 871, 873). In any event, there is nothing in the record other than the unsupported speculation of plaintiff's expert to demonstrate that Dunham could have avoided this accident if she had been going slower or if she had been more attentive to westbound traffic. Supreme Court correctly dismissed the complaint in its entirety and, therefore, the order should be affirmed in its entirety.

Rose, J., concurs. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as granted defendant Ingrid H. Dunham's motion for summary judgment on the issue of liability and dismissed the portion of plaintiff's damages claim related to preimpact terror; said motion denied to that extent; and, as so modified, affirmed.