■ ANDREW T. LAKE, Respondent, v JOAN M. SUCHAN, Appellant. [728 NYS2d 265] —Crew III, J. Appeal from an order of the Supreme Court (Kramer, J.), entered October 17, 2000 in Schenectady County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover for personal injuries allegedly sustained following a three-car accident on State Street in the City of Schenectady, Schenectady County, in January 1998. Plaintiff testified at his examination before trial that immediately prior to the accident, he was traveling southbound on Mynderse Street. After stopping at a red light at the intersection of Mynderse Street and State Street, plaintiff executed a right-hand turn onto State Street. Plaintiff testified that he then came to a stop on State Street and, after observing that his path was clear, attempted to make a left-hand turn onto Hulett Street, at which point he was struck by defendant's vehicle. The force of the impact spun plaintiff's vehicle around, striking a taxi cab operated by Linda Russell. As a result of this incident, plaintiff was charged with failure to yield pursuant to Vehicle and Traffic Law § 1141 and thereafter pleaded guilty to a reduced charge.

Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Plaintiff opposed such application and, it would appear, cross-moved for dismissal of defendant's sixth affirmative defense. Supreme Court denied defendant's motion and, upon consent, granted plaintiff's cross motion. This appeal ensued.

We affirm. The parties do not dispute that defendant, who was traveling east on State Street immediately prior to the ac-

cident, was facing a green traffic signal and, hence, had the right-of-way. It is equally apparent from the record that neither party observed the other party's vehicle prior to impact. As "Vehicle and Traffic Law § 1141 requires the driver of a vehicle intending to turn left within an intersection to yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (*Vogel v Gilbo*, 276 AD2d 977, 978), and given plaintiff's testimony that he "took [his] attention off State Street" as he started to make his turn onto Hulett Street, defendant plainly met her initial burden of demonstrating that plaintiff's inattentiveness and/or failure to yield was a substantial cause of the accident (*see, Boston v Dunham*, 274 AD2d 708, 709; *Greco v Boyce*, 262 AD2d 734, 735).

The record also demonstrates, however, that there is a question of fact as to defendant's comparative fault. Although defendant testified that she was traveling at 30 miles per hour at the time of the accident and Russell stopped short of testifying that defendant was speeding, Russell's examination before trial testimony is replete with references to defendant's vehicle "whipping," "streaking" and "barreling" up State Street before "smash[ing]" into plaintiff's vehicle. Such testimony, coupled with evidence that defendant faced a slight incline in the roadway as she proceeded east on State Street, is sufficient to raise a question of fact as to whether defendant failed to keep a proper lookout and/or was traveling too fast under the circumstances. Accordingly, Supreme Court properly denied defendant's motion for summary judgment. Defendant's remaining contentions, including her assertion that she is entitled to the benefit of the "emergency doctrine" (*see, Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327), have been examined and found to be lacking in merit.

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.